THE AETNA CASUALTY & SURETY COMPANY v. ANNE STUART WELCH
AND DEBORAH MORELAND THACKER

No. 8826SC292

(Filed 6 December 1988)

**Insurance § 103— automobile liability insurance—failure of driver to forward all suit papers to insurer—coverage not voided**

> Where an automobile owner sued the driver for injuries sustained while a passenger in her own automobile, the owner's policy covered the driver at the time of the accident, the driver allegedly mailed a copy of the complaint to plaintiff insurer, and a default judgment for $200,000 was entered against the driver, the driver's failure to forward to plaintiff insurer the notice of entry of default and the notice of hearing on default and inquiry would not constitute a violation of the insurance contract which voided coverage above the compulsory amount, since the insurer, upon being notified of the pending action, is in a better position to take necessary action to ensure that it receives all subsequent legal documents. However, the trial court erred in entering summary judgment for plaintiff insurer in a declaratory judgment action to determine its liability under the policy where there was a genuine issue of material fact as to whether the driver notified plaintiff of the suit by the owner-passenger.

APPEAL by defendant Welch from *Snepp, Judge.* Judgment entered 30 October 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 September 1988.

This is a declaratory judgment action by plaintiff Aetna Casualty & Surety Company (Aetna) to determine its duties and responsibilities under its automobile insurance policy with defendant Anne Stuart Welch (Welch).

On 8 May 1984 defendant Welch and defendant Deborah Moreland Thacker (Thacker) were involved in a single car accident in Charlotte. Defendant Thacker was driving defendant Welch's car when it struck a telephone pole resulting in both defendants sustaining injuries. At the time of the accident a motor vehicle liability policy issued by Aetna covered defendant Welch and her vehicle. The policy limited personal injury liability to a maximum of $100,000 for each person and a maximum of $300,000 for each accident.

On 18 July 1986 defendant Welch filed a complaint against defendant Thacker for damages arising from the accident. Defendant Thacker failed to respond and an entry of default was entered against her. On 27 October 1986 the trial court conducted a hearing and entered a default judgment for $200,000 against defendant Thacker. Defendant Thacker did not appear at that hearing either.

In this declaratory judgment action, Aetna's motion for summary judgment was granted. The trial court concluded that plaintiff was not obligated to defend defendant Thacker, operator of defendant Welch's vehicle, and that plaintiff was liable to defendant Welch in the total amount of $25,000. Defendant Welch appeals.

*Underwood, Kinsey & Warren, by C. Ralph Kinsey, Jr. and Kenneth S. Cannaday, for plaintiff-appellee.*

*Collie and Wood, by James F. Wood, III, for defendant-appellant.*

EAGLES, Judge.

The sole issue on appeal is whether the trial court properly granted plaintiff's summary judgment motion. We hold that there is a genuine issue of material fact and, accordingly, we vacate the trial court's summary judgment and remand for trial.

The standard of review for summary judgment is whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). An issue is material if "the facts alleged would constitute a legal defense or would affect the result of the action." *Bank v. Gillespie*, 291 N.C.

303, 310, 230 S.E. 2d 375, 379 (1976). Further, we must view the record in the light most favorable to the non-movant, *Durham v. Vine*, 40 N.C. App. 564, 253 S.E. 2d 316 (1979), and draw all reasonable inferences in the non-movant's favor. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975).

Viewed in the light most favorable to defendant .Welch, the facts here show the following. After being injured while riding as a passenger in her own car, defendant Welch sued defendant Thacker, the driver of the car, for damages. Welch's insurance policy covered Thacker at the time of the accident. Defendant Welch issued a civil summons against defendant Thacker notifying Thacker of the complaint against her. Defendant Thacker asserts that she mailed a copy of the complaint to Aetna, but never talked to any of their agents. Defendant Thacker never filed an answer nor did anyone on her behalf. Consequently, the clerk of court made an entry of default against her. After notice of the hearing on default and inquiry was sent by Welch to Thacker, the trial court conducted a hearing on the issue of damages. Again, neither defendant Thacker nor anyone on her behalf appeared. The trial court granted defendant Welch a default judgment for $200,000. In her deposition defendant Thacker admits that though she mailed a copy of Welch's complaint against her to Aetna, she never forwarded any other legal documents to them.

Plaintiff here argues that by operation of its insurance policy with defendant Welch and G.S. 20-279.21, the trial court's summary judgment order was proper. We disagree.

The insurance policy states that its insured has the following general duties:

A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

Aetna argues that Thacker's failure to send them the entry of default notice and the notice of hearing on default and inquiry prejudiced their rights as against Welch. Plaintiff relies on *Swain v. Insurance Co.*, 253 N.C. 120, 116 S.E. 2d 482 (1960), and *Jones v.*

*Insurance Co.*, 270 N.C. 454, 155 S.E. 2d 118 (1967), for the proposition that if an insured fails to give his insurer notice of any legal document, then the insurer is only liable to third parties in the amount of the compulsory coverage. We disagree.

In *Swain* our Supreme Court stated that G.S. 20-279.21 provided that a violation of the insurance policy on the part of the insured could not be used by the insurer to void the compulsory coverage required by the State. *Swain* at 127-128, 116 S.E. 2d at 488. The *Jones* court applied the *Swain* rationale to assigned risk policyholders. *Jones* at 464, 155 S.E. 2d at 125. In both of these cases the insured failed to forward copies of the complaint to their insurer. This court recognizes the validity of provisions requiring the "prompt forwarding of legal process as a condition precedent to recovery on the policy." *Poultry Corp. v. Insurance Co.*, 34 N.C. App. 224, 226, 237 S.E. 2d 564, 566 (1977).

In her deposition defendant Thacker asserted that she sent a copy of defendant Welch's complaint against her to Aetna. She admits that she never sent a copy of the entry of default notice or any other legal document that she subsequently received. Aetna argues that this admitted failure to forward copies of other notices and legal papers constitutes a violation of its contract and voids any coverage on behalf of the insured above the compulsory amount. We disagree.

In an effort to reduce their liability, plaintiff's argument would allow an insurer, in effect, to "count" the legal documents forwarded from their insured and if *any* document had not been forwarded, to void the coverage. This is not the law of North Carolina. Once the insurer is notified of the pending action, the insurer is in the better position to take whatever action is necessary and appropriate to ensure that it receives all subsequent legal documents. Since the parties' testimony conflicts as to whether or not defendant Thacker notified Aetna of Welch's suit, there is a genuine issue of material fact. Accordingly, we vacate the trial court's summary judgment and remand for trial.

Vacate and remand.

Judges PHILLIPS and PARKER concur.