ELIOT TOD GASKILL, PLAINTIFF v. JENNETTE ENTERPRISES, INC., A NORTH CAROLINA CORPORATION, DEFENDANT

No. COA00-1220

(Filed 6 November 2001)

**Vendor and Purchaser— sales contract–time is of the essence provision–specific performance**

The trial court erred by granting summary judgment for defendant seller in an action for specific performance of a contract to sell real estate where the contract required plaintiff to obtain financing on or before a specified date, plaintiff buyer did not secure financing by the loan commitment date but had obtained financing on the closing date, and the contract contained a "time is of the essence" provision. That provision was ambiguous and cannot be found to apply to the loan commitment date as a matter of law. Moreover, there was a genuine issue of material fact as to plaintiff's ability to close on the closing date.

Appeal by plaintiff from judgment entered 12 May 2000 by Judge J. Richard Parker in Dare County Superior Court. Heard in the Court of Appeals 17 September 2001.

*Battle Winslow Scott & Wiley, P.A., by M. Greg Crumpler, for plaintiff-appellant.*

*Vandeventer Black, L.L.P., by Norman W. Shearin, Jr. and Robert L. O'Donnell, for defendant-appellee.*

**GASKILL v. JENNETTE ENTERS., INC.**

[147 N.C. App. 138 (2001)]

EAGLES, Chief Judge.

Plaintiff appeals the trial court's 12 May 2000 entry of summary judgment in favor of defendant. After careful review of the record and briefs, we reverse and remand.

On 13 July 1999, plaintiff-buyer entered into a contract with defendant-seller for the purchase of Lots 1 and 2 in Barnette Woods in Buxton, North Carolina. The contract was a pre-printed form on which the following specifics were inserted by the parties: (1) the sale price for the property was $160,000; (2) plaintiff was to obtain financing on or before 30 August 1999; and (3) closing date was 10 September 1999. The pre-printed form included Paragraph 6, titled "Other Provisions and Conditions." It provided a blank space that allowed for the inclusion of additional provisions. There, defendant-seller added the following: "All closing costs to be paid by buyer except for deed preparation to be paid by seller. Time is of the essence!!"

On 2 or 3 September 1999, plaintiff informed Anderson Midgett of defendant Jennette Enterprises, Inc. that financing had not been secured. In response, Midgett told plaintiff that defendant considered the contract void, that defendant would not go forward with the sale of the property, and that defendant was going to sell the property to another purchaser. Plaintiff reminded Midgett that the closing date was 10 September 1999. Midgett reiterated that defendant would not honor the contract because financing had not been obtained by the 30 August 1999 loan commitment date as stated in the contract.

Notwithstanding defendant's claim that it would not honor the contract, plaintiff continued to pursue financing that would permit him to close on 10 September 1999. On the morning of 10 September 1999, East Carolina Bank agreed to lend plaintiff sufficient funds for the purchase of defendant's property. Plaintiff notified Midgett that he had secured financing necessary to close, that the closing attorney had been instructed to proceed with closing, that the necessary documentation could be prepared by 3:00 p.m. on 10 September 1999, and that it was plaintiff's intention to close the transaction on 10 September 1999, as stated in the contract. Defendant took no action to pursue closing the transaction.

On 14 September 1999, plaintiff initiated this action seeking specific performance of the contract or, in the alternative, damages for breach of contract. Defendant and plaintiff each filed motions for

summary judgment on 24 March 2000 and 31 March 2000, respectively. On 12 May 2000, after a hearing, the trial court denied plaintiff's summary judgment motion and granted summary judgment for defendant. Plaintiff filed timely notice of appeal on 6 July 2000.

The standard for determining if a movant is entitled to summary judgment requires a two-part analysis of whether: (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law. *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 665, 449 S.E.2d 240, 242 (1994). On appeal, this Court must view the record in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Aetna Casualty & Surety Co. v. Welch*, 92 N.C. App. 211, 213, 373 S.E.2d 887, 888 (1988).

Plaintiff contends on appeal that: (1) a genuine issue of fact exists as to whether time was of the essence; (2) the "time is of the essence" provision applied only to the closing date, not the loan commitment date; (3) the provisions in the contract regarding financing were for the benefit of plaintiff and could only be waived by him; and (4) plaintiff was able to close on 10 September 1999 and was not in breach of contract.

Though the sales contract stated that "time is of the essence," plaintiff first argues that the evidence raised a question of fact as to whether the parties considered time to be of the essence. In *Crawford v. Allen*, 189 N.C. 434, 127 S.E. 521 (1925), our Supreme Court held that facts of the case established that time was not of the essence even though the contract contained a recital to that effect. Similarly, this Court has held that even though the contract stated that time is of the essence, the Court could not determine as a matter of law under the facts of the case that a failure to meet the deadline constituted a material breach of the contract. *Opsahl v. Pinehurst, Inc.*, 81 N.C. App. 56, 344 S.E.2d 68 (1986).

Here, the "time is of the essence" provision was written into the contract as an additional provision and was acknowledged by both parties. A court must construe a contract as it is written and give effect to every part and provision whenever possible. *Marcoin, Inc. v. McDaniel*, 70 N.C. App. 498, 504, 320 S.E.2d 892, 897 (1984). Even when viewed in the light most favorable to plaintiff, the record here shows that defendant inserted the "time is of the essence" provision

into the contract, that plaintiff signed the contract *after* the provision was inserted, that defendant did not waive or attempt to change the provision, and that plaintiff thought it important to be prepared to close by 10 September 1999. The record shows that the "time is of the essence" provision was part of the contract.

Because the inserted language is an enforceable provision in the contract, we must consider the scope of the clause, i.e. whether the "time is of the essence" provision applied only to the closing date or to both the closing date and the loan commitment date. The language inserted by defendant into Paragraph 6, titled "Other Provisions and Conditions," stated in its entirety: "All closing costs to be paid by buyer except for deed preparation to be paid by seller. Time is of the essence!!"

"[A]n ambiguity exists in a contract if the 'language of the [contract] is fairly and reasonably susceptible to either of the constructions asserted by the parties.' " *Carolina Place Joint Venture v. Flamers Charburgers, Inc.*, 145 N.C. App. 696, 699, 551 S.E.2d 569, 571 (2001) (quoting *Taha v. Thompson*, 120 N.C. App. 697, 701, 463 S.E.2d 553, 556 (1995) (citations omitted)). Where the intended meaning of a contract term cannot be ascertained with certainty, ambiguous terms should be construed against the party who prepared the contract. *Federal Realty Investment Trust v. Belk-Tyler of Elizabeth City, Inc.*, 56 N.C. App. 363, 367, 289 S.E.2d 145, 148 (1982).

While neither this Court nor our Supreme Court has directly considered the effect of a "time is of the essence" provision on a loan commitment date as seen here, the following footnote from *Fletcher v. Jones* is instructive:

If the condition precedent were of crucial import to either or both parties and needed to be fulfilled by a certain date, other than that set for closing, a separate date should have been explicitly included to govern the condition precedent, along with a separate time-is-of-the-essence provision if necessary. It would then have been clear that this particular condition, separate from the act of closing, must be strictly performed by a different date.

*Fletcher v. Jones*, 314 N.C. 389, 393 n.1, 333 S.E.2d 731, 734 n.1 (1985).

In *Mezzanotte v. Freeland*, 20 N.C. App. 11, 200 S.E.2d 410 (1973), the purchasers of real property brought suit for specific performance of the sales contract. The contract stated that the purchasers were required to secure a loan from NCNB. The sellers, *in Mezzanotte*,

contended that the purchasers breached the contract by failing to secure a loan from NCNB. This Court rejected the seller's argument noting that the purchasers obtained other financing and that the failure to acquire financing from NCNB was not detrimental to the interests of the sellers.

Considering our Supreme Court's footnote in *Fletcher*, this Court's holding in *Mezzanotte*, and the prevailing principles of contract construction, we hold that the trial court erred in holding, as a matter of law, that the time is of the essence provision in this contract applied to the loan commitment date. Based on careful analysis of the facts in the record on appeal, the time is of the essence provision, inserted by defendant, was ambiguous and cannot be found to apply to the loan commitment date as a matter of law.

Finally, the parties disagree over whether it was possible for plaintiff to close on 10 September 1999 as required by the contract and the time is of the essence provision. A careful review of the facts in the record regarding plaintiff's ability to close on 10 September 1999, indicates that a genuine issue of material fact exists. Genuine issues of material fact should be reserved for determination by a factfinder. For the foregoing reasons, we conclude that genuine questions of material fact exist and that the trial court erred in granting summary judgment in favor of defendant. Accordingly, we reverse and remand this case for further consideration not inconsistent with this opinion.

Reversed and remanded.

Judges HUNTER and HUDSON concur.