VALERIE MESCHTER WILLIAMS, Plaintiff-Appellant v. JANICE T. LEVINSON, DURHAM CHILD CARE COUNCIL, INC. (formerly known as Durham Day Care Council, Inc.), and CHILD CARE SERVICES ASSOCIATION, Defendants-Appellees

No. COA01-808

(Filed 31 December 2002)

## 1. Appeal and Error—appealability—partial summary judgment—certification

A partial summary judgment was correctly certified for immediate appeal where the action arose from a car accident which occurred while defendant Levinson was driving to an office Christmas party and summary judgment was granted for defendant employer. There is a distinct possibility of a second trial and inconsistent verdicts if it is later determined that summary judgment was improperly granted for the employer.

**WILLIAMS v. LEVINSON**

[155 N.C. App. 332 (2002)]

### 2. Negligence—respondeat superior—wreck while driving to Christmas party

Summary judgment was correctly granted for defendant CCSA in an automobile negligence action where CCSA's employee, Levinson, was involved in an automobile accident while driving to the office Christmas party. Plaintiff failed to forecast evidence sufficient to create a genuine issue of material fact as to whether Levinson was within the scope of employment at the time of the accident.

Judge GREENE dissenting.

Appeal by plaintiff from judgment entered 26 February 2001 by Judge Evelyn W. Hill in Superior Court, Durham County. Heard in the Court of Appeals 8 October 2002.

*Moore & Van Allen, PLLC, by Lewis A. Cheek, for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by C. Ernest Simons, Jr., for defendants-appellees.*

McGEE, Judge.

Valerie Meschter Williams (plaintiff) was driving her Chevrolet automobile in an eastbound direction through the Centura Bank parking lot located at 500 Morgan Street in Durham, North Carolina at approximately 2:40 p.m. on 19 December 1996. Plaintiff came to a stop at the driveway entrance of the parking lot located off Morris Street. At the same time, Janice T. Levinson (Levinson) made a left turn from a parking deck onto Morris Street in a southbound direction in her Plymouth automobile. When Levinson approached the parking lot entranceway on Morris Street, Levinson swerved to the right, striking the left front portion of plaintiff's vehicle. Levinson claimed that she swerved to avoid an oncoming vehicle that had crossed the center line into Levinson's lane of traffic. At the time of the accident, Levinson was an employee of Durham Day Care Council, Inc. (DDCC). Levinson's general job responsibilities included office support, such as setting up receptions, providing refreshments and lunches for DDCC's monthly board meetings, and serving as backup receptionist. Through a series of business transactions DDCC became Durham Child Care Council, Inc. (DCCC) and then merged with Child Care Services Association (CCSA). For the purposes of this opinion, CCSA will be used when reference to DDCC, DCCC, or CCSA is necessary.

At the time of the collision, Levinson was driving from her place of employment to a Christmas party sponsored by her employer, CCSA. The CCSA-sponsored Christmas party was held at an offsite location at 206 North Dillard Street in Durham, which CCSA rented for the Christmas party. CCSA closed its offices at approximately 1:30 p.m. on 19 December 1996 so that employees who chose to attend the Christmas party could do so. The Christmas party was held for employees only, as opposed to the Christmas banquet held later that month, which was normally attended by the CCSA board of directors and others from the community. CCSA provided food and beverage for the party, but employees were encouraged to bring a dessert. In addition, employees were responsible for the music and were asked to bring a "white elephant" gift to the party. Levinson, whose job responsibilities included planning for the Christmas banquet, had no responsibilities in connection with the Christmas party.

CCSA informed its employees of the party by announcing it at the staff meeting and by posting announcements in the office. Employees were not required to rsvp for the Christmas party and despite the fact that all employees attended the Christmas party, attendance was understood to be voluntary. Attendance was not taken at the party. Employees were paid for a full day of work whether or not they attended the Christmas party. Any employee who did not attend the Christmas party did not have to remain at work. The only activities at the Christmas party other than general socializing between employees were the exchange of the "white elephant" gifts, and the taking of an employee group photo, for which employees had been encouraged to dress up. After the collision, Levinson arrived at the Christmas party, where she and several employees remained until approximately 6:00 p.m.

This is an appeal by plaintiff from summary judgment granted for defendants, and therefore, this Court must view the record in the light most favorable to plaintiff and draw all reasonable inferences in plaintiff's favor. *Gaskill v. Jennette Enters., Inc.*, 147 N.C. App. 138, 140, 554 S.E.2d 10, 12 (2001), *disc. review denied*, 355 N.C. 211, 559 S.E.2d 801 (2002) (citing *Aetna Casualty & Surety Co. v. Welch*, 92 N.C. App. 211, 213, 373 S.E.2d 887, 888 (1988)). Plaintiff alleges that as a proximate result of the collision she suffered "serious, painful, and permanent bodily injuries, including, but not limited to, injuries to her lower back." Plaintiff alleged that as a result of these injuries, she has incurred medical and other expenses, lost earnings, pain and suffering, and permanent impairment.

Plaintiff filed an amended complaint on 17 December 1999 seeking from Levinson and CCSA, *inter alia,* damages for personal injuries resulting from the alleged negligent operation of a motor vehicle by Levinson, an employee of CCSA. Defendant Levinson served her answer to the amended complaint on 19 January 2000. Defendant CCSA served its answer to the amended complaint 16 June 2000. Levinson served her answers to plaintiff's first set of interrogatories on 3 February 2000. Levinson served supplemental answers to plaintiff's first set of interrogatories on 12 January 2001. On 3 February 2000, Levinson also served her responses to plaintiff's first request for production of documents. Levinson served her answers to plaintiff's second set of interrogatories on 1 March 2000. CCSA served both its responses to plaintiff's first set of interrogatories and its responses to plaintiff's first request for production of documents on 29 September 2000. On 19 December 2000, plaintiff deposed Levinson. CCSA filed a motion for summary judgment dated 17 January 2001. The trial court granted CCSA's motion for summary judgment on 26 February 2001. The trial court entered an order on 13 March 2001 certifying the 26 February 2001 judgment for immediate appeal. Plaintiff appeals from the 26 February 2001 judgment granting CCSA's motion for summary judgment.

[1] We must first determine whether the judgment of the trial court is immediately appealable. The judgment of the trial court granting defendant CCSA's motion for summary judgment did not dispose of all of the claims in this case, in particular the claims against defendant Levinson, which makes the judgment interlocutory. *Veazey v. Durham,* 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). "An appeal does not lie to the [appellate courts] from an interlocutory order of the Superior Court, unless such order affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *Id.* The right to avoid two trials on the same issues, which could result in different juries rendering inconsistent verdicts is a substantial right. *Turner v. Norfolk Corp.,* 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citing *Green v. Duke Power Co.,* 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982)). In the present case, the trial court correctly determined that the only basis asserted by plaintiff for liability on the part of defendant CCSA, was under the theory of *respondeat superior,* and that the issue determined on CCSA's motion for summary judgment was whether defendant Levinson was acting within the scope of her employment at the time of the collision. The trial court was also correct in its determination that, despite the grant of summary judgment

for CCSA, a trial could proceed with respect to defendant Levinson alone. Thus, if it was later determined that the trial court improperly entered summary judgment for defendant CCSA, the distinct possibility exists that a second trial would be required as to defendant CCSA, since CCSA would not have had an opportunity to participate in the previous trial. As such, the trial court was correct in certifying the present case for immediate appeal so as to avoid the possibility of inconsistent verdicts. *See id.*

[2] Plaintiff's sole assignment of error is that the trial court erred by granting summary judgment for CCSA in that there is a genuine issue of material fact regarding whether Levinson was acting within the course and scope of her employment at the time of the automobile collision on 19 December 1996. Summary judgment should be granted only where no genuine issue of material fact is presented. *Gaskill*, 147 N.C. App. at 140, 554 S.E.2d at 12. We must view the record in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor. *Id.* (citing *Aetna Casualty & Surety Co.*, 92 N.C. App. at 213, 373 S.E.2d at 888).

An employer may be held liable for an employee's negligent operation of the employee's personal vehicle if the employee is acting within the course and scope of employment. *Ellis v. American Service Co.*, 240 N.C. 453, 456, 82 S.E.2d 419, 420-21 (1954) (citations omitted). "Where the employee's actions conceivably are within the scope of employment and in furtherance of the employer's business, the question is one for the jury." *Medlin v. Bass*, 327 N.C. 587, 593, 398 S.E.2d 460, 463 (1990).

The parties cite *Camalier v. Jeffries*, 340 N.C. 699, 460 S.E.2d 133 (1995) and *Chastain v. Litton Systems, Inc.*, 694 F.2d 957 (4th Cir. 1982), *cert. denied*, 462 U.S. 1106, 77 L. Ed. 2d 1334 (1983), as controlling in this case. Plaintiff argues that the present case is more analogous to *Chastain* than to *Camalier*. The *Chastain* decision, which our Supreme Court cited in *Camalier*, 340 N.C. at 713-14, 460 S.E.2d at 140, but never decided whether it was a correct application of North Carolina law by the Fourth Circuit, reversed a grant of summary judgment for the employer. 694 F.2d 957, 962 (4th Cir. 1982). The *Chastain* Court noted that there was evidence that the party was held on business premises, during normal business hours, that employees were compensated for being at the party, and that in order to be compensated, employees had to be at the party by 8:00 a.m. 694 F.2d at 959.

In contrast, defendant CCSA argues that *Camalier* is the more analogous of the two cases. In *Camalier*, our Supreme Court affirmed an award of summary judgment for the employer-defendant, holding that as a matter of law, the employee was not acting within the scope of employment when the employee was attending an employer-hosted social function, nor when he was traveling home from the social function. *Camalier*, 340 N.C. at 714-15, 460 S.E.2d at 140-41. The Supreme Court determined that the plaintiff's evidence was insufficient to forecast a genuine issue of material fact as to whether the employee's attendance was within the scope of his employment where the employee never stated he felt compelled to attend the party. *Id.* at 714, 460 S.E.2d at 140-41. The plaintiff's evidence consisted of the deposition testimony of a business expert "who opined that the party enhanced the business interests of the Publishing Company by encouraging employees to work hard to achieve similar recognition, by developing good morale and camaraderie among employees, and by generally increasing the productivity and profitability of the business," and the allegedly negligent employee's statements that he "felt his attendance at the party 'would help' and that he was concerned his failure to attend 'might be noticed.' " *Id.*

The Supreme Court then contrasted the plaintiff's forecast of the evidence with the defendant's forecast. The Supreme Court noted that the "[d]efendants presented substantial evidence that [the allegedly negligent employee] and other . . . employees were not required to attend the party." *Id.* at 714-15, 460 S.E.2d at 141. The Supreme Court emphasized that "[n]o record of attendance was taken, and there was no evidence that an employee's failure to attend would have resulted in adverse consequences." *Id.* at 715, 460 S.E.2d at 141. Another factor in the Supreme Court's decision was that the party was held on a day when the employee did not usually work, and after his usual working hours. *Id.* Additionally, in *Camalier*, employees were not compensated for attending the party and were not required to work if they did not attend the party. *Id.* The Supreme Court also cited that the party was not held at the employer's place of business and that the employee, who was employed as a reporter, was not "reporting" at the party. *Id.* The Supreme Court then determined that the defendants had met their burden of showing that the plaintiffs could not produce evidence to support their contention that the employee's attendance at the party was within the scope of his employment. *Id.* It should be noted that while the facts in *Camalier* are more like those in the case before us, both the *Chastain* Court and our Supreme Court in *Camalier* used similar factors in reaching

their decisions. *Compare* 694 F.2d at 959, 962, *with* 340 N.C. at 714-15, 460 S.E.2d at 140-41.

There were several factors considered by the Supreme Court in *Camalier*: (1) whether the employee performed any of her job functions while attending the employer-sponsored social function; (2) whether the social function did more for the employer than simply boost morale and camaraderie among employees; (3) whether there was a specific benefit to productivity or profitability of the business resulting from the social function; (4) whether the social function was held during normal business hours; (5) whether the social function was held at the place of business or some other facility; (6) whether employees were compensated for the time spent attending the social function; (7) whether an employee was required to work if that employee chose not to attend the social function; (8) whether an employee stated that he felt compelled to attend the social function, or rather, simply felt that his attendance would help, might be noticed, or other such feelings; (9) whether there was evidence that an employee's failure to attend the social function would result in adverse consequences for the employee; (10) whether attendance was taken at the social function; and (11) whether there was any other evidence that employees were required to attend the social function. The Supreme Court did not specifically cite any of these factors as determinative in its analysis.

In the case before us, plaintiff presented evidence that Levinson was driving on the way to an employer-sponsored Christmas party from her place of employment at the time the collision in question occurred. Normally, driving to and from an employee's place of employment is not within the scope of employment. *Hooper v. C.M. Steel, Inc.*, 94 N.C. App. 567, 569, 380 S.E.2d 593, 594-95 (1989) ("An employee is not engaged in the prosecution of his employer's business, however, while using his own vehicle for transportation to or from the place of employment.") (citations omitted). However, if an employee is driving between offices or locations, at both of which the employee will be in the scope of employment, a different result may be necessary. *See Miller v. Wood*, 210 N.C. 520, 187 S.E.2d 765 (1936); *Welch v. Thompson*, 399 P.2d 748 (Mont. 1965). Therefore, the determinative question in the present case is whether Levinson's attendance at the CCSA-sponsored Christmas party was within the scope of her employment. We review the record considering the factors noted above to determine whether plaintiff has forecast sufficient evidence to create a genuine issue of ma-

terial fact as to whether Levinson's attendance at the Christmas party, and thus the drive from the office to the party, was within the scope of her employment.

Plaintiff has forecast no evidence showing that Levinson, a receptionist and office worker at CCSA, was performing any of her normal job functions while attending the employer-sponsored Christmas party. Levinson's uncontradicted deposition testimony was that while one of the responsibilities of her job was to help plan the Christmas banquet, the Christmas social event sponsored by CCSA, which served as its primary outreach event to the community, she had no part in planning the employee Christmas party held on 19 December 1996.

In addition, plaintiff has not shown that the employer-sponsored social function did more for CCSA than simply boost morale and camaraderie among employees, nor has she shown that there was a specific benefit to productivity or profitability of the business resulting from the Christmas party. In fact, the evidence tended to show that another employer-sponsored event, the Christmas banquet, was the social event CCSA used to develop relations with the outside community. At the Christmas party, there were no speeches, no awards, nor any special recognitions. The only evidence of an activity at the Christmas party, other than general socializing and holiday revelry, was the taking of an employee group photo. The taking of an employee group photo to be handed out to all the employees falls within the morale and camaraderie boosting functions our Supreme Court found insufficient in *Camalier*. *See Camalier*, 340 N.C. at 714, 460 S.E.2d at 140-41. Certainly if the giving of speeches and awards at an employer-sponsored party is insufficient to overcome an employer's motion for summary judgment, the taking of a group photo would not satisfy that burden. *See id.*

The employer-sponsored social event did occur during CCSA's normal business hours. However, the uncontradicted evidence showed the employer-sponsored Christmas party was not held on business premises but at an offsite premises, specifically rented for the purpose of holding the Christmas party. Further, the CCSA office closed that day at approximately 1:30 p.m. so that all employees could attend the Christmas party if they chose to do so. The fact that the office was closed during the time the Christmas party was held makes the case more analogous to the situation in *Camalier*, where the employer-sponsored social event was held on a weekend after normal business hours. *See id.* at 715, 460 S.E.2d at 141. Additionally, it

should be noted that Levinson and several other employees remained at the Christmas party well after normal business hours, and that no employee was expected to return to work that day after the party was over.

While plaintiff forecast evidence that Levinson was being paid while attending the employer-sponsored social event, the evidence also showed that all employees were paid for a full day, whether or not they attended the party. There was no requirement such as that found in *Chastain* that employees had to report to the party to be paid for the day. In the present case, plaintiff has not produced evidence that an employee stated that he or she felt compelled to attend the employer-sponsored social function. While Levinson testified that she felt attendance was "expected," this is analogous to the statements made in *Camalier* that our Supreme Court found insufficient. *See* 340 N.C. at 714, 460 S.E.2d at 140-41. Further, plaintiff's argument that, due to the small number of employees at CCSA, an employee's absence from the Christmas party would definitely be noticed, also falls short under *Camalier*. *See id.* Plaintiff did not forecast any evidence that adverse consequences would result from non-attendance at the employer-sponsored social function. In fact as stated above, there was uncontradicted evidence that an employee would still have been compensated for a full day of employment whether or not the employee attended the party. Attendance was not taken at the party. Finally, plaintiff has failed to forecast any other evidence that attendance was required. In fact the evidence in the record shows that employees were not required to rsvp, and that attendance was understood not to be required.

After reviewing the entire record in light of the factors discussed above, we find this case to be quite similar to the *Camalier* case in that plaintiff has failed to forecast evidence sufficient to create a genuine issue of material fact as to whether Levinson was within the scope of employment at the time of her alleged negligence, and that CCSA is entitled to judgment as a matter of law. Therefore, we affirm the trial court's grant of summary judgment to defendant CCSA.

Affirmed.

Judge WYNN concurs.

Judge GREENE dissents with a separate opinion.

GREENE, Judge, dissenting.

This appeal raises two issues: (I) whether defendant Levinson's attendance at the party was in the scope of her employment, and if so, (II) whether defendant Levinson's travel to the party was in the scope of her employment.

I

I disagree with the majority that Camalier is more analogous to this case than Chastain. In Chastain, employees were required to be at work at the normal starting time to be paid for the day. *Chastain v. Litton Systems, Inc.*, 694 F.2d 957, 959 (4th Cir. 1982). The holiday party took place on a normal work day, during normal working hours. *Id.* Camalier, on the other hand, involved a retirement party on a weekend during evening hours at a private home. *Camalier v. Jeffries*, 340 N.C. 699, 704, 714-15, 460 S.E.2d 133, 134-35, 141 (1995). There was no requirement the employees be at the party and neither were they paid for attending. *Id.* at 714-15, 460 S.E.2d 141. Moreover, it was not a holiday party reserved for employees but a retirement party to which over 300 guests had been invited. *Id.* at 712, 460 S.E.2d at 139.

In the present case, plaintiff's forecast of the evidence tends to show on the day of the party, CCSA employees were required to report for work to be paid for a full day and the party took place during normal working hours and was reserved for employees. Although attendance was not required, defendant Levinson stated attendance was expected. This testimony is bolstered by the fact all of CCSA's employees attended the party. One of the activities at the party was an employee group photo, for which the employees were encouraged to dress up, that was to be given to all employees at a later date and conceivably could be used as a record of attendance. This forecast of the evidence, taken in the light most favorable to plaintiff, creates a genuine issue of material fact as to whether attendance at the party was within the course and scope of her employment. *See id.* at 706, 460 S.E.2d 136 (summary judgment is proper when, taking the evidence in the light most favorable to the party against whom summary judgment is sought, there is no genuine issue of material fact).

II

An employer is liable, under the doctrine of respondeat superior, for the negligence of his employees if that negligence was within the scope of the employment. 30 C.J.S. *Employer-Employee* § 204 (1992);

*see Ellis v. Service Co., Inc.*, 240 N.C. 453, 456, 82 S.E.2d 419, 420 (1954). As a general rule, an employee is not within the scope of her employment "while operating h[er] personal car to the place where [s]he is to perform the duties of h[er] employment . . . nor while leaving h[er] employment to go to h[er] home." *Ellis*, at 456, 82 S.E.2d at 420. An employee's operation of her personal vehicle, however, is within the scope of employment if it occurs pursuant to a specific or implied authorization of the employer or is "incidental to the conduct authorized." 30 C.J.S. *Employer-Employee* § 205; *see Miller v. Wood*, 210 N.C. 520, 524, 182 S.E. 765, 768 (1936).

In this case, there is evidence sufficient to support a conclusion that CCSA impliedly authorized its employees to drive their personal vehicles to the party. Indeed, because the party was away from the usual place of business and the employer provided no transportation, there was no reasonable alternative. Thus, a genuine issue of material fact exists on whether defendant Levinson's travel to the party was within the scope of her employment.

Accordingly, summary judgment was entered in error. I would reverse and remand this case for trial.