### SUSIE JANE WALLS v. CITY OF WINSTON-SALEM.

(Filed 7 April, 1965.)

**Municipal Corporations § 12—**

Plaintiff's evidence tending to show that she knew of the existence of a hole in the asphalt in the street adjoining the concrete curb in front of her house and that she stepped into the hole and fell on returning at night from a neighboring house, *is held* to disclose contributory negligence as a matter of law, since if the hole constituted a hazard plaintiff's failure to remember it was inexcusable.

APPEAL by plaintiff from *Olive, E. J.,* August 31, 1964 Nonjury Session, FORSYTH Superior Court.

The plaintiff who lived at 720 Alexander Street in the City of Winston-Salem, instituted this civil action to recover damages for the injury she sustained on the night of October 12, 1963, when she stepped in a hole in the street pavement in front of her home. The sidewalk was unimproved. The street was of asphalt construction with a concrete curb extending 18 inches into the street. The asphalt abutted this curb.

A concrete walk extended 16 feet from the plaintiff's doorstep to the curb. Opposite the end of the walk the asphalt had raveled, leaving a depression about 18 inches long, about the same width, and a maximum depth of six to eight inches at the low point. The depression had existed for approximately two months. The plaintiff testified she gave agents of the city notice of the depression. It was not repaired.

At about 7:30 or 8:00 o'clock the plaintiff, on a visit to her daughter nearby, stepped in the hole and was injured. The light, half a block away, showed dimly on the hole which was filled by falling leaves. The plaintiff bases her claim for damages on the city's alleged negligent failure to keep its streets in proper repair.

From a judgment of compulsory nonsuit entered on defendant's motion, the plaintiff excepted and appealed.

*Clyde C. Randolph, Jr., George E. Clayton, Jr., for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice by I. E. Carlyle, and H. Grady Barnhill, Jr., for defendant appellee.*

PER CURIAM. The court, sitting in this nonjury case, did not render judgment on the merits; but at the close of plaintiff's evidence entered judgment of nonsuit. The judgment may be sustained only if the evidence is insufficient to make out a case of negligence against the city, or if it discloses that plaintiff's negligence, as a matter of law, caused or contributed to her injury. According to the plaintiff's own evidence, the hole in which she fell had been there, to her knowledge, for two months. Both she and her husband were accustomed to park the family automobile over it. If the hole constituted a hazard, her failure to remember it was certainly inexcusable. The plaintiff's failure to exercise reasonable care for her own safety constitutes negligence as a matter of law. The nonsuit is

Affirmed.