HAZEL M. JONES v. CITY OF BURLINGTON

No. 8115SC1064

(Filed 6 July 1982)

1. **Municipal Corporations § 12— possible governmental immunity against tort claim — summary judgment improper**

   The trial court properly overruled defendant's motion for summary judgment on grounds that defendant had governmental immunity against a tort claim which evolved from plaintiff stepping in a hole on a sidewalk since there was a genuine issue of fact as to the use of the property upon which the hole was located.

2. **Municipal Corporations § 14.3— failure to repair sidewalk — notice — judgment for plaintiff supported by findings**

   In an action in which plaintiff sought damages for injuries sustained when she slipped into a narrow, deep hole which existed on defendant's grass sidewalk, the findings of fact made by the trial court clearly supported its conclusion that defendant was negligent and that plaintiff was injured as a result of that negligence. Whether or not the evidence was sufficient to support the findings of fact was not raised on appeal since defendant did not except to any of the findings of fact.

   Judge WELLS concurs in the result.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 14 April 1981 in Superior Court, ALAMANCE County. Heard in the Court of Appeals on 25 May 1982.

*Hemric, Hemric & Elder, by H. Clay Hemric, Jr., for plaintiff appellee.*

*City Attorney Robert M. Ward, for defendant appellant.*

HEDRICK, Judge.

Plaintiff instituted this negligence action to recover damages for injuries sustained when plaintiff slipped into a narrow, deep hole which existed on defendant's grass sidewalk. The case was tried without a jury, and the trial court entered judgment for plaintiff for $13,000. Defendant has appealed, raising issues of trial court error in ruling on questions of governmental immunity, defendant's negligence, and plaintiff's contributory negligence. For the reasons set forth below, we affirm.

At trial, plaintiff's evidence tended to establish the following: On 6 April 1978, while plaintiff was picking up trash on the grass sidewalk between her house and Gilmer Street, she slipped into a narrow but deep hole which was concealed by grass, sticks and leaves. She fell backwards, was momentarily knocked out, and was taken by rescue squad to a hospital emergency room. Her injuries necessitated hospitalization, therapy and medication.

Plaintiff acknowledged that her husband had told her that there was a hole near the street, but she testified that she was not aware of its exact location. Plaintiff's husband testified that he had discovered the hole in September 1977, and that he had notified his son, an employee of the Burlington Housing Authority. The son testified that he had advised William C. Baker of the city of the location of the hole and that he was told that someone would check it.

Testifying for the defendant, Baker, the Director of Public Works, denied receiving earlier information about the hole in the sidewalk along Gilmer Street. He stated that the first time he recalled hearing of the hole was sometime after plaintiff's accident. The defendant, through its employees, then had the area barricaded and filled the hole.

The trial court entered its judgment awarding plaintiff monetary damages.

[1] Defendant first assigns as error the denial of its motion for summary judgment. The record discloses that, prior to the trial of

his case, defendant filed a G.S. § 1A-1, Rule 12(b)(6) motion to dismiss plaintiff's action on grounds that defendant had governmental immunity against this tort claim. Plaintiff responded to the motion and submitted the affidavit of plaintiff's son. After considering the pleadings as well as memoranda of law from both parties, the court denied the motion.

The purpose of summary judgment under G.S. § 1A-1, Rule 56 is to bring litigation to an early decision on the merits without the delay and expense of trial in cases in which it can be readily ascertained that no material facts are in issue. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Upon a motion for summary judgment, the trial court does not attempt to resolve issues of fact; rather it decides whether there is a genuine issue of material fact necessitating a trial. *Lambert v. Duke Power Co.*, 32 N.C. App. 169, 231 S.E. 2d 31, *disc. rev. denied*, 292 N.C. 265, 233 S.E. 2d 392 (1977).

The burden of proving governmental immunity rests with the party asserting such defense. In the instant case, defendant sought to show that the hole into which plaintiff fell was part of its public storm drainage system; that the operation of such system was a governmental function for which there is governmental immunity; and that it had not, through the purchase of liability insurance or otherwise, waived that immunity. To counter this contention, plaintiff denied that the operation of a public storm drainage system is a governmental function and argued that the defendant is absolutely liable for injuries caused by its failure to maintain its system of streets, paved and unpaved sidewalks, drains and culverts near streets, and all grassy areas between sidewalks and streets.

Defendant correctly argues that there is governmental immunity against claims arising out of a city's performance of a governmental function. *Steelman v. City of New Bern*, 279 N.C. 589, 184 S.E. 2d 239 (1971). If defendant had been able to show that there was no genuine issue as to the use of property for a governmental function, summary judgment would have been proper. The documents submitted in this case, however, raise a genuine issue of fact as to the use of the property upon which the hole was located. This fact was material to the question of governmental immunity. Summary judgment, therefore, was improper under

these circumstances, and the trial court correctly overruled defendant's motion.

Defendant also assigns as error the trial court's denial of his motions to dismiss and the trial court's rendering of judgment for the plaintiff. Its argument is twofold. First, defendant asserts that the court erred in finding that it was negligent in failing to discover and repair the hole into which plaintiff fell. By this assertion, defendant attacks plaintiff's evidence and its sufficiency. The exceptions upon which this assignment of error is based raise only the question of whether the facts found support the conclusions of law drawn therefrom, and whether the judgment is in proper form. Defendant did not except to any of the findings of fact. Thus the question of the sufficiency of the evidence to support the findings of fact is not raised.

[2]   We have reviewed the findings of fact made by the trial court and find that they clearly support its conclusion that defendant was negligent and that plaintiff was injured as a result of that negligence:

> The court finds from the evidence that the plaintiff was injured April 6, 1978, from a fall which occurred when she stepped in a hole beside the storm sewer catch basin on the sidewalk between Gilmer Street and her property; that the hole was obscured by grass, sticks, and leaves; that the plaintiff was picking up sticks and trash preparatory to mowing in compliance with Section 32-14 of the Burlington City Code; that the plaintiff was told by her husband seven or eight months before her fall . . . that there was a hole near Gilmer Street; that it was small and could easily be overlooked; that her husband had asked their son, Joe Jones, . . . to ask the City to fix it; that plaintiff was not then nor thereafter informed more specifically of the location of the hole, never saw it and never inquired or ascertained whether the City fixed it; that Joe Jones, plaintiff's son, . . . in August or September, 1977, telephoned William C. Baker, Director of Public Works for the City of Burlington, asked who [sic] to call concerning the hole in the sidewalk, was given a telephone number, called that number, told the unidentified individual who answered exactly where the hole was, and was told that someone would be sent to check on it; . . . that

the hole was not filled until after plaintiff's fall; that plaintiff sustained as a proximate consequence of her fall severe and disabling pain secondary to muscle spasm in the lumbosacral area of her back necessitating medical treatment, hospitalization, therapy, extended bed rest, use of back support device, and prolonged ingestion of medication to relieve pain and relax muscle spasms . . . .

Defendant also asserts that the trial court erred in rendering judgment for the plaintiff since evidence at the trial demonstrated contributory negligence as a matter of law. For the reasons stated above, our review of this question is limited to whether the findings of fact support the conclusions of law and the judgment and whether error appears on the face of the record. After reviewing the findings, we are unable to say that plaintiff failed to exercise reasonable care for her own safety. Plaintiff's knowledge of the existence of a hole somewhere near Gilmer Street and her work in the area some eight or nine months later did not establish contributory negligence as a matter of law. *Walls v. Winston-Salem,* 264 N.C. 232, 141 S.E. 2d 277 (1965), is distinguishable on its facts. This assignment of error is overruled.

The judgment from which defendant appealed is

Affirmed.

Judge ARNOLD concurs.

Judge WELLS concurs in the result.