ROY BAKER v. SARA JAMISON DUHAN AND SHIRLEY P. JAMISON

No. 8418SC1252

(Filed 4 June 1985)

1. **Landlord and Tenant § 8.3— failure to keep common areas in safe condition— sufficient evidence of negligence**

    Plaintiff tenant's evidence was sufficient to make out a *prima facie* case of negligence by defendant landlords where it tended to show that a hole caused by the removal of a bush was an unsafe condition on defendants' premises; defendants had constructive notice of the unsafe condition but failed to repair it; and defendants' failure to repair the unsafe condition was a proximate cause of plaintiff's injury.

2. **Landlord and Tenant § 8.4— tenant's knowledge of dangerous condition—no contributory negligence as matter of law**

    Plaintiff tenant was not contributorily negligent as a matter of law in forgetting about a hole in a common area of the leased premises caused by the

removal of a bush where it was dark when plaintiff stepped into the hole and was injured, grass had grown around the hole, and a period of time had elapsed since defendant had learned of the hole.

APPEAL by plaintiff from *Washington, Judge.* Judgment entered 16 October 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 May 1985.

This is a civil action wherein plaintiff seeks to recover damages for injuries allegedly received by plaintiff when he stepped in a hole allegedly under defendants' control. At the close of plaintiff's evidence, a directed verdict was entered in favor of defendants. From that judgment plaintiff appealed.

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Norman B. Smith and Davison M. Douglas, for plaintiff, appellant.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr., for defendants, appellees.*

HEDRICK, Chief Judge.

Plaintiff's evidence reveals the following: Plaintiff rents from defendants a mobile home and the corner lot on which it is situated. The lot fronts on a public street and is adjacent to a private drive. There is a walkway from the mobile home to the private street. In the early morning hours of 12 November 1981 plaintiff returned home from his game room business and parked his car on the private street near his trailer. He got out of his car, began walking toward his home, and immediately stepped in a hole approximately 10 inches wide and 10 inches deep, breaking a bone beneath his knee. The hole was caused by the removal of a bush some time prior to plaintiff's accident. Plaintiff further testified that he had known of the hole, but "over time I had forgotten about it." Plaintiff also testified that he had told defendants' agent, who collected the rent, that "[y]ou ought to come down and fill that hole up."

N.C.G.S. Sec. 42-42(a)(3) of North Carolina's Residential Rental Agreements Act in pertinent part provides that a landlord shall "[k]eep all common areas of the premises in safe condition." This Court, in *Lenz v. Ridgewood Associates*, 55 N.C. App. 115, 121, 284 S.E. 2d 702, 706 (1981), *disc. rev. denied*, 305 N.C. 300, 290

Baker v. Duhan

S.E. 2d 702 (1982), has stated that such a duty "implies the duty to make reasonable inspection and correct an unsafe condition which a reasonable inspection might reveal. . . ."

[1] In the present case, plaintiff is entitled to have his evidence taken in the light most favorable to him. When that is done, a jury may be permitted but is not required to find that plaintiff was defendants' tenant; that the hole was an unsafe condition on defendants' premises; that defendants had constructive notice of the unsafe condition; that defendants failed to exercise ordinary care to repair the unsafe condition; and that defendants' failure to repair the unsafe condition was a proximate cause of plaintiff's injury. This evidence is sufficient to constitute a *prima facie* case.

[2] Defendants contend that, as a matter of law, plaintiff's prior knowledge of the dangerous condition operates to hold him contributorily negligent. We disagree. The general rule is that a person will not be held contributorily negligent as a matter of law for forgetting a known danger when, under the circumstances of the particular situation, a person of ordinary prudence would have forgotten or would have been inattentive to the danger because of the surrounding circumstances. *Dennis v. Albemarle*, 242 N.C. 263, 87 S.E. 2d 561 (1955). On the facts of this case, we cannot say whether the surrounding circumstances — darkness, a growth of grass around the hole, the lapse of time between plaintiff's awareness of the hole and his injury — are sufficient to excuse plaintiff's contributory negligence. We believe, however, that the better view is to allow the jury to decide whether a person of ordinary prudence would have forgotten or would have been inattentive to the unsafe condition because of the surrounding circumstances.

The case of *Walls v. Winston-Salem*, 264 N.C. 232, 141 S.E. 2d 277 (1965), cited by defendants, is inapplicable here, as the hole into which that plaintiff fell was always obvious and did not ever become latent, as did the hole in this case.

Because plaintiff has made a *prima facie* showing of negligence and defendants' defense of contributory negligence is a question of fact for the jury, the directed verdict for defendants was improper.

Reversed and remanded.

Judges WEBB and WHICHARD concur.