STEPHAN TYBURSKI, Plaintiff v. GEORGE C. STEWART and wife, BRENDA B. STEWART, Defendants

No. COA09-182

(Filed 15 June 2010)

**Negligence— contributory negligence—summary judgment erroneously granted**

The trial court erred in granting summary judgment in favor of defendants on plaintiff's negligence claim. Defendants failed to establish as a matter of law that plaintiff was contributorily negligent as there was a genuine issue of material fact concerning the reasonableness of plaintiff's conduct.

Appeal by plaintiff from order entered 31 October 2008 by Judge Orlando F. Hudson, Jr. in Wake County Superior Court. Heard in the Court of Appeals 2 September 2009.

*Knott & Berger, L.L.P., by Kenneth R. Murphy, III, for plaintiff-appellant.*

*Broughton Wilkins Sugg & Thompson, PLLC, by Benjamin E. Thompson, III, for defendants-appellees.*

GEER, Judge.

Plaintiff Stephan Tyburski appeals from an order granting summary judgment to defendants George C. and Brenda B. Stewart based on the trial court's conclusion that plaintiff had been contributorily negligent as a matter of law. While staying in defendants' rental house in Oak Island, North Carolina, plaintiff unexpectedly became locked in a sunroom and was injured while trying to escape. Because a genuine issue of material fact exists as to the reasonableness of plaintiff's conduct, we reverse.

## Facts

The parties do not significantly dispute the facts. Plaintiff, who is an employee of Progress Energy, had a 30-day work assignment at Progress Energy's nuclear power plant in Brunswick County. During this assignment, plaintiff stayed at defendants' rental house, which Progress Energy had rented for him.

The house had a sunroom that could only be accessed by a glass door from the kitchen. The sunroom door had a "thumb lock" allowing the door to be locked from the kitchen side. When the lock was engaged, reentry into the house from the sunroom required a key. Consequently, if the door were locked, anyone in the sunroom without a key would be unable to reenter the home. This condition constituted a housing violation.

When plaintiff arrived at the house, he noticed the lock on the sunroom door. Because he did not have a key to the lock, plaintiff realized that someone could become trapped in the sunroom if the lock were engaged. He did not report the problem to anyone and did not attempt to disable the lock by, for example, taping the bolt. He did, however, ensure that the lock was not engaged. For the next couple of weeks, he went in and out of the sunroom daily, usually closing the door behind him. He experienced no problems with the door.

Plaintiff's injury occurred on the morning of 16 March 2007, approximately two weeks into his stay. Plaintiff returned to the house from an overnight shift, slept, awoke, and decided to cook some food.

He began frying potatoes and onions in oil on the stove. He then went into the sunroom to warm himself while his food cooked. Without checking the lock, he closed the door behind him, as he normally did, in order to keep the warmth in the sunroom. From the sunroom, he was able to see the stove.

When he decided he should go back inside to stir his food, he realized that the door was locked and he had no way out of the sunroom. He later learned that when his son had visited over the weekend, his son had locked all the doors to the house, including the sunroom door. Plaintiff first tried to jiggle the handle and force the door open. When that did not work, he tried to get the attention of passing bicyclists and drivers. Those efforts were also unsuccessful.

Plaintiff then tried to open a window on the wall of the sunroom adjoining the bedroom, but the window was locked on the bedroom side. Plaintiff recognized, however, that this particular type of window (a "double hung" window with two panes, one above the other) would tilt in, and he could see a gap between the window and the track. Plaintiff believed that if he could remove the window from the track, he could avoid damaging defendants' property. He kept glancing at the stove while he worked, and he had managed to work the window partly out of its track when he noticed that smoke had begun "coming out off the stove, and it was actually rolling . . . across the ceiling." He "knew that a fire was imminent."

At about that point, the glass shattered, severely cutting plaintiff's arm. Plaintiff also suffered cuts on his chest and leg. Using a sock, he made a tourniquet for his arm before climbing through the window and turning off the stove. He then obtained medical care for his injury.

On 13 March 2008, plaintiff filed a complaint against defendants alleging negligence. In their answer, defendants alleged that plaintiff's claims were barred by contributory negligence. Defendants subsequently filed a motion for summary judgment on 6 August 2008, arguing solely that no genuine issue of material fact existed on the question of plaintiff's contributory negligence. The trial court granted defendants' motion for summary judgment, and plaintiff timely appealed to this Court.

### Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . any party is entitled to a judgment as a

matter of law." N.C.R. Civ. P. 56(c). A party may seek summary judgment on the grounds of an affirmative defense. *Azalea Garden Bd. & Care, Inc. v. Vanhoy*, 196 N.C. App. 376, 386, 675 S.E.2d 122, 128, *disc. review denied*, 363 N.C. 580, 682 S.E.2d 206 (2009).

This Court reviews a trial court's grant of summary judgment de novo. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). The burden is on the movant to establish that there are no triable issues of fact. *Fairview Developers, Inc. v. Miller*, 187 N.C. App. 168, 170, 652 S.E.2d 365, 367 (2007), *disc. review denied*, 362 N.C. 176, 658 S.E.2d 484 (2008). On appeal, this Court views the record in the light most favorable to the non-moving party, drawing all reasonable inferences in the non-movant's favor. *Gaskill v. Jennette Enters., Inc.*, 147 N.C. App. 138, 140, 554 S.E.2d 10, 12 (2001), *disc. review denied*, 355 N.C. 211, 559 S.E.2d 801 (2002).

Here, defendants contend that the trial court properly granted summary judgment because plaintiff voluntarily and knowingly encountered an obvious danger or hazard even though he could have avoided it. In particular, defendants point to two of plaintiff's actions as constituting contributory negligence as a matter of law: (1) plaintiff's entering the sunroom and closing the door without checking the lock, and (2) plaintiff's handling of the window during his attempt to reenter the house.

Any discussion of contributory negligence in a premises liability case must begin with *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 467, 562 S.E.2d 887, 890 (2002), in which the plaintiff was injured when he came into contact with a known, visible hazard—uninsulated power lines—while operating equipment on the defendant's premises. In upholding the trial court's denial of motions for a directed verdict and judgment notwithstanding the verdict, the Supreme Court observed: "The existence of contributory negligence is ordinarily a question for the jury; such an issue is rarely appropriate for summary judgment, and only where the evidence establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." *Id.* at 479, 562 S.E.2d at 896. The Court "acknowledge[d] the general rule that a person has a legal duty to avoid open and obvious dangers, including contact with [a hazard] he or she knows to be dangerous," but emphasized that this rule " 'does not mean . . . that a person is guilty of contributory negligence *as a matter of law* if he contacts a known [hazard] regardless of the circumstances and regardless of any precautions he may have taken to avoid

the mishap[.]' " *Id.* at 479-80, 562 S.E.2d at 896 (emphasis added) (internal citations omitted) (quoting *Williams v. Carolina Power & Light Co.*, 296 N.C. 400, 404, 250 S.E.2d 255, 258 (1979)). Consequently, the question before us is whether, considering all of the circumstances and any precautions taken by plaintiff, a reasonable person would have acted as plaintiff did.

We first address defendants' contention that plaintiff was negligent because he did not check the lock when he entered the sunroom even though he knew of the risk it presented. Our Supreme Court held in *Dennis v. City of Albemarle*, 242 N.C. 263, 268, 87 S.E.2d 561, 565-66 (1955) (quoting 65 C.J.S. Negligence § 120), that an otherwise prudent person is " 'not negligent merely because he temporarily forgot or was inattentive to a known danger. To forget or to be inattentive is not negligence unless it amounts to a failure to exercise ordinary care for one's safety. Regard must be had to the exigencies of the situation, and the circumstances of the particular occasion. Circumstances may exist under which forgetfulness or inattention to a known danger may be consistent with the exercise of ordinary care . . . .' "

Defendants argue on appeal that *Dennis* only applies in situations where a sudden interruption or distraction diverts a plaintiff's attention from a known danger. While *Dennis* did explain that a sudden interruption may warrant forgiveness for inattention, subsequent decisions have not limited *Dennis* to those situations.

In *Baker v. Duhan*, 75 N.C. App. 191, 192, 330 S.E.2d 53, 54 (1985), another known hazard case, the plaintiff, who was renting a house and lot from the defendants, suffered an injury to his leg after he stepped into a 10-inch hole on the lot. The plaintiff had known about the hole for a while, but had, over time, forgotten about it. *Id.* In reversing, the trial court's entry of a directed verdict based on contributory negligence, this Court reasoned:

> Defendants contend that, as a matter of law, plaintiff's prior knowledge of the dangerous condition operates to hold him contributorily negligent. We disagree. *The general rule is that a person will not be held contributorily negligent as a matter of law for forgetting a known danger when, under the circumstances of the particular situation, a person of ordinary prudence would have forgotten or would have been inattentive to the danger because of the surrounding circumstances. Dennis v. Albemarle*, 242 N.C. 263, 87 S.E. 2d 561 (1955). On the facts of this

case, we cannot say whether the surrounding circumstances—darkness, a growth of grass around the hole, the lapse of time between plaintiff's awareness of the hole and his injury—are sufficient to excuse plaintiff's contributory negligence. We believe, however, that the better view is to allow the jury to decide whether a person of ordinary prudence would have forgotten or would have been inattentive to the unsafe condition because of the surrounding circumstances.

*Id.* at 193, 330 S.E.2d at 54-55 (emphasis added).

In this case, while plaintiff was aware of the hazard presented by the lock, the question is not whether a reasonably prudent person under similar circumstances would have seen that the sunroom lock was engaged if he had double-checked the lock when entering the sunroom. Rather, the question is whether a reasonably prudent person under similar circumstances would have double-checked the lock at all. *See Nourse v. Food Lion, Inc.*, 127 N.C. App. 235, 242, 488 S.E.2d 608, 613 (1997) (reversing grant of summary judgment to defendant based on contributory negligence because "even assuming the plaintiff would have seen the grapes and water on the floor had she looked, a jury question is presented as to whether a reasonably prudent person would have looked down at the floor as she was shopping in the grocery store"), *aff'd per curiam*, 347 N.C. 666, 496 S.E.2d 379 (1998); *Kremer v. Food Lion, Inc.*, 102 N.C. App. 291, 295, 401 S.E.2d 837, 839 (1991) (holding that trial court properly denied directed verdict based on contributory negligence when plaintiff tripped over dog food bags on store's floor because "in such cases the issue of contributory negligence is not whether the reasonably prudent person would have seen the object had he looked, but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor" rather than looking ahead where plaintiff was going).

As plaintiff explained in his deposition, he had previously observed the risk, disengaged the lock, and repeatedly used the door over a period of two weeks without any problems. "[T]hese circumstances, when considered together, are such that more than one reasonable inference may be drawn therefrom." *Dennis*, 242 N.C. at 268-69, 87 S.E.2d at 566. We note that defendants have cited no decisions in which a court found contributory negligence as a matter of law after a plaintiff had taken an action to mitigate a risk, successfully relied on his action for a period of time, and then, perhaps hav-

ing become inattentive to the risk, suffered injury from the risk. We conclude that a jury could reasonably find that an ordinarily prudent person in plaintiff's position would also have entered the sunroom without concern for the lock after having disengaged it. The evidence does not so clearly establish plaintiff's negligence that a jury could not reasonably reach a different conclusion.

Next, we consider whether plaintiff's choice of his method of escape constituted contributory negligence. In *Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 71, 376 S.E.2d 425, 430 (1989) (quoting *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 673, 268 S.E.2d 504, 507 (1980)), the Supreme Court held that " 'the existence of contributory negligence does not depend on plaintiff's *subjective* appreciation of danger; rather, contributory negligence consists of conduct which fails to conform to an *objective* standard of behavior—the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury.' "

The plaintiff in *Collingwood* suffered serious injury when she jumped from her third-floor apartment window to escape a fire in the building. *Id.* at 65, 376 S.E.2d at 426. Her only exit was blocked, and she waited no more than five minutes before jumping. *Id.* at 71, 376 S.E.2d at 429-30. The defendant property owner argued that the plaintiff "behaved unreasonably" because she did not wait for rescue or call for help and that she was, therefore, contributorily negligent. *Id.* at 71, 376 S.E.2d at 429-30. The Supreme Court, affirming this Court's reversal of an order granting summary judgment to the defendant, observed that "[a]lthough some of the evidence tend[ed] to support defendant's claim of contributory negligence, this [was] by no means the only reasonable inference that [could] be drawn from the facts of the case." *Id.*, 376 S.E.2d at 430.

In this case, a jury could have reasonably concluded that plaintiff was not negligent when he attempted to dislodge the window from its track. Plaintiff knew that the food cooking in oil on the stove was creating a fire hazard and that no one else was in the house. He only began working on the window after unsuccessfully attempting to open the door and to flag down help. In his deposition, plaintiff testified that he hoped to reenter the premises without causing any damage to defendants' property. If plaintiff reasonably believed that he could dislodge the window without shattering it, then, arguably, he may have demonstrated even more care than he would have if he had intentionally broken the window by smashing it with a large or heavy object.

Defendants essentially contend, however, that because plaintiff hurt himself by taking this approach, he must necessarily have been contributorily negligent. Yet, it is the particular circumstances of the case and the reasonableness of plaintiff's actions—not the mere fact of injury—that determine the issue of contributory negligence. As the Supreme Court stated in *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 68, 414 S.E.2d 339, 345 (1992), "[n]egligence is not presumed from the mere fact of injury." This rule applies equally to contributory negligence: "[C]ontributory negligence is not to be presumed, but has to be shown by evidence." *Pinkston v. Connor*, 63 N.C. App. 628, 631, 306 S.E.2d 132, 134 (1983), *aff'd per curiam*, 310 N.C. 148, 310 S.E.2d 347 (1984).

Therefore, we cannot, as defendants urge, presume contributory negligence as a matter of law from the fact that plaintiff was injured when he tried to move the window from its track. Even if defendants are correct in asserting that plaintiff would have fared better by choosing another method of escape, it is for the jury to decide whether such an assertion amounts to 20-20 hindsight or a conclusion plaintiff necessarily should have reached if acting reasonably under the circumstances at the time.

Based on the evidence, we hold that defendants have failed to carry their burden of establishing as a matter of law that plaintiff was contributorily negligent. " 'Contradictions or discrepancies in the evidence . . . must be resolved by the jury rather than the trial judge.' " *Martishius*, 355 N.C. at 481, 562 S.E.2d at 897 (quoting *Rappaport v. Days Inn of Am., Inc.*, 296 N.C. 382, 384, 250 S.E.2d 245, 247 (1979)). This case presented a genuine issue of material fact as to whether plaintiff was contributorily negligent in not checking the lock before he closed the sunroom door behind him and in trying to dislodge the window in order to escape the sunroom. The trial court, therefore, erred in granting defendants' motion for summary judgment. We do not reach the issue of defendants' negligence because defendants moved for and received summary judgment based solely on the issue of contributory negligence.

Reversed.

Judges STROUD and ERVIN concur.