KEVIN RAY HOOPER AND GRACE ANN HOOPER v. C.M. STEEL, INC., AND WILLIAM TROY SMITH

No. 8826SC1234

(Filed 5 July 1989)

1. **Appeal and Error § 6.2 — summary judgment for fewer than all parties — judgment not final but appealable**

In an action to recover for injuries sustained in an automobile accident, entry of summary judgment for fewer than all defendants was not a final judgment but was nevertheless appealable, since plaintiffs had a substantial right to have the liability of both defendants determined in the same trial in order to avoid the possibility of inconsistent verdicts.

2. **Automobiles and Other Vehicles § 102— employee driving home from work—employee not acting in course of employment—employer not liable for injuries resulting from employee's negligence**

There was no genuine issue of fact as to whether defendant employee was acting within the course of his employment at the time of the accident giving rise to this action where the evidence showed that defendant had completed his work for defendant employer and was giving a ride home to a fellow employee at the time of the accident; defendant's job did not require him to drive employees home and he received no compensation for doing so; and defendant employer did not order or request defendant employee to drive his co-worker home.

APPEAL by plaintiffs from *Snepp (Frank W.), Judge.* Judgment entered 19 May 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 May 1989.

Plaintiffs filed this action to recover damages for personal injuries and loss of consortium resulting from an automobile accident. Plaintiff Kevin Hooper was involved in a collision with a vehicle owned and operated by defendant William Troy Smith. At the time of the accident, defendant Smith was an employee of defendant C.M. Steel, Inc.

Plaintiffs appeal from the entry of summary judgment for defendant C.M. Steel, Inc.

*Olive-Monnett, P.A. & Associates, by Jon McCachren, for plaintiff-appellants.*

*Collie and Wood, by George C. Collie and James Wood, III, for defendant-appellee.*

PARKER, Judge.

[1] As a preliminary matter, we note that the entry of summary judgment for fewer than all the defendants is not a final judgment and may not be appealed in the absence of certification pursuant to Rule 54(b) of the N.C. Rules of Civil Procedure unless the entry of summary judgment affected a substantial right. G.S. 1-277, 7A-27(d); *Bernick v. Jurden*, 306 N.C. 435, 438-39, 293 S.E. 2d 405, 408 (1982). In the present case, plaintiffs have a substantial right to have the liability of both defendants determined in the same

**HOOPER v. C. M. STEEL, INC.**

[94 N.C. App. 567 (1989)]

trial in order to avoid the possibility of inconsistent verdicts. *See Bernick v. Jurden, supra.* Therefore, plaintiffs' appeal is not premature.

Plaintiffs contend that the trial court erred in entering summary judgment for defendant C.M. Steel, Inc. We disagree and affirm the summary judgment.

[2] Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), N.C. Rules Civ. Proc.; *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). In the present case it is undisputed that defendant William Troy Smith (hereinafter "Troy Smith") was the owner and driver of the truck which collided with plaintiffs' car, that Troy Smith was at that time employed by defendant C.M. Steel, Inc. (hereinafter "defendant"), and that Troy Smith was leaving his place of employment when the collision occurred. An employer is liable for injuries caused by his employee's negligent operation of the employee's vehicle when the vehicle is being used in the pursuit of the employer's business. *Ellis v. Service Co., Inc.*, 240 N.C. 453, 456, 82 S.E. 2d 419, 420-21 (1954). An employee is not engaged in the prosecution of his employer's business, however, while using his own vehicle for transportation to or from the place of employment. *Id.* (citing *Wilkie v. Stancil*, 196 N.C. 794, 147 S.E. 296 (1929) and *Rogers v. Garage*, 236 N.C. 525, 73 S.E. 2d 318 (1952)).

In the present case, plaintiffs contend that there is a genuine issue of fact as to whether Troy Smith was acting within the course of his employment at the time of the accident. The evidence shows that Smith was giving a ride home to a fellow employee and the accident occurred as Smith was turning into the parking lot of a Hardee's restaurant. Smith and the other employee, Robert Carr, had been working overtime and they left work at about 9:00 p.m. Earlier in the day, Smith had told Carr that Carr needed to work overtime to complete a job. Carr, who did not own a vehicle, told Smith that he would need a ride home, and Smith agreed to drive him home.

We first note that, if Smith was acting within the course of his employment while driving Carr home, his decision to stop at a restaurant would not be a deviation of sufficient magnitude to preclude defendant's liability as a matter of law. *See Hinson v. Chemical Corp.*, 230 N.C. 476, 480, 53 S.E. 2d 448, 452 (1949). It

is clear, however, that an employee is not acting within the scope of his employment merely because he is transporting fellow employees to or from work. *See Peters v. Tea Co.*, 194 N.C. 172, 138 S.E. 595 (1927). In cases where the employee is involved in an accident while returning from work, the employer's liability depends upon whether the employee's work had been completed at the time of the accident. 7A Am. Jur. 2d *Automobiles and Highway Traffic* § 707 (1980). If there is uncertainty as to whether the employee had completed his work, the question is an issue of fact for the jury. *See* Annotation, *Employer's Liability for Negligence of Employee in Driving His Own Car*, 52 A.L.R. 2d 287, 311-12 (1957). An employee who provides transportation for coworkers may be acting within the scope of his employment if he does so at the request of the employer. *Caldwell v. A.R.B., Inc.*, 176 Cal. App. 3d 1028, 1037-38, 222 Cal. Rptr. 494, 500 (1986). *See also Duckworth v. Metcalf*, 268 N.C. 340, 150 S.E. 2d 485 (1966).

In the present case, uncontradicted evidence establishes that Smith and Carr had completed their work and were driving home at the time of the accident. We find no merit in plaintiffs' contentions that Smith's act of driving Carr home was part of his employment. Although Smith's brother was the president and a part-owner of the business, Smith had no ownership interest and worked for an hourly wage. Both Smith and Carr had clocked out prior to leaving for home. Smith's job did not require him to drive employees home and he received no compensation for doing so. Because Carr did not own a vehicle, he usually obtained a ride from his father, who apparently worked nearby. When Carr worked overtime, which was not uncommon, he regularly relied on other employees for transportation and he had obtained rides from Smith on previous occasions.

Under these facts, we find no evidence from which a jury could infer that Troy Smith was acting within the course of his employment at the time of the accident. Plaintiffs contend that defendant benefited from Smith's actions because Carr stayed late to finish an overdue job and he would not have stayed if Smith did not offer to drive him home. These circumstances are insufficient to warrant a departure from the general rule that an employee is not engaged in the employer's business while driving to or from work. Any transportation obtained by an employee provides the employer with the benefit of the employee's presence. An employee leaving work does not enter into the course of his employment

merely because his presence is more important on a particular day or because he works overtime at the employer's request.

The evidence in this case establishes that Troy Smith had completed his work for defendant at the time of the accident and his purpose in driving at the time was to provide transportation for himself and Carr. The evidence also establishes that providing transportation for other employees was not one of Smith's job responsibilities and his employer did not order nor request him to drive Carr home. Under these circumstances, defendant is not liable for Smith's negligent driving as a matter of law. *See Caldwell v. A.R.B., Inc., supra.* Therefore, the trial court's entry of summary judgment for defendant C.M. Steel, Inc. is affirmed.

Affirmed.

Judges EAGLES and ORR concur.