LUTHER YOUNGS LONG AND WIFE, MARGARET D. LONG, PLAINTIFFS v. PATRICIA S. GILES, EXECUTRIX OF THE ESTATE OF SHERRILL WARREN GILES AND AEF, INC., D/B/A ECONO LODGE, DEFENDANTS

No. COA95-591

(Filed 2 July 1996)

**Appeal and Error § 121 (NCI4th)— employer and employee defendants—employer's liability derivative—summary judgment for employer not appealable**

Because the corporate employer's *respondeat superior* liability was derivative of a finding of liability against the employee's

LONG v. GILES

[123 N.C. App. 150 (1996)]

estate, there was no possibility of inconsistent verdicts, and plaintiff thus had no substantial right to have the liability of both employer and employee determined in the same trial; therefore, plaintiff's appeal from the summary judgment for defendant employer was dismissed as premature.

**Am Jur 2d, Appellate Review §§ 169, 170.**

Appeal by plaintiffs from order entered 2 February 1995 by Judge Henry W. Hight, Jr., in Granville County Superior Court. Heard in the Court of Appeals 26 February 1996.

This case arises from an automobile accident on 2 February 1992 in which a car driven by Sherrill Warren Giles allegedly ran a stop sign and collided with plaintiffs' car. Mr. Giles was killed, and plaintiffs were both severely injured.

Defendant AEF, Inc. (hereinafter AEF) is the owner and operator of the Econo Lodge motel in Creedmoor, North Carolina, where Mr. Giles was the assistant manager and his wife, Patricia S. Giles, was the manager. Mr. and Mrs. Giles lived in an apartment at the motel. Mr. Giles's job duties included general maintenance of the motel property, checking behind the housekeepers, and assisting with the day-to-day operations of the motel as needed.

On the day of the accident, Mr. Giles drove his personal vehicle to his friend William E. King's house for dinner. He arrived at about 6 p.m., ate dinner, and left about forty-five minutes later. He told Mr. King that he could not stay long because he had to return to the motel to relieve a desk clerk who was taking a break at 7 p.m. Mr. King also testified, however, that he believed Mr. Giles was going "nowhere but home" that evening.

On his way back to the Econo Lodge, Mr. Giles was involved in an automobile collision in which he was killed and both plaintiffs were severely injured. Mrs. Giles testified that at no time during that day, including the time of the accident, did Mr. Giles use his vehicle to perform any duties of his employment.

Plaintiffs brought a civil action against Mrs. Giles, as executrix of Mr. Giles's estate, and AEF, Inc., d/b/a Econo Lodge on 30 November 1994. Defendant AEF moved for summary judgment on the ground that there was no genuine issue of material fact as to whether Mr. Giles was acting within the scope of his employment at the time of the accident. Superior Court Judge Henry W. Hight, Jr., granted the

motion for summary judgment and dismissed defendant AEF from the action. Mrs. Giles was not dismissed as defendant, and no final judgment has been entered as to her. Plaintiffs appeal summary judgment in favor of defendant AEF.

*John H. Pike for plaintiff appellants.*

*Maupin Taylor Ellis & Adams, P.A., by James A. Roberts, III and Richard N. Cook, for defendant appellee AEF, Inc.*

ARNOLD, Chief Judge.

It is well established that the entry of summary judgment for fewer than all defendants is not a final judgment and is not immediately appealable unless it affects a substantial right or is certified pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) (1990). *See Johnston County v. McCormick*, 65 N.C. App. 63, 308 S.E.2d 872 (1983). Because the trial court did not certify the appeal pursuant to Rule 54(b), and we conclude that there is no substantial right involved, the appeal is premature.

A finding of liability against defendant AEF, as Mr. Giles's employer, is only possible if Mr. Giles's estate is found liable, and the injuries arose out of and in the course of his employment. In other words, defendant AEF's liability is derivative of Mr. Giles's liability, and the primary claim against the estate must first be determined before any claim against AEF is possible. Only if the court determines that plaintiffs may recover from the estate can their right to recover from defendant AEF be affected by the summary judgment.

If plaintiffs do not recover against Mr. Giles's estate, they cannot seek to recover against defendant AEF under a *respondeat superior* theory, and an appeal of summary judgment would be moot. Moreover, if summary judgment for defendant AEF is in error, plaintiffs can preserve their right to complain of the error by a duly entered exception, and may appeal after a successful judgment on the primary claims against Mr. Giles's estate. *See Sportcycle Co. v. Schroader*, 53 N.C. App. 354, 357, 280 S.E.2d 799, 801 (1981).

We recognize that in *Hooper v. C. M. Steel, Inc.*, 94 N.C. App. 567, 568-69, 380 S.E.2d 593, 594 (1989), this Court held that the plaintiffs, who sued both an employee and his employer for injuries received in an automobile accident, had a substantial right to have the liability of both defendants determined in the same trial to avoid the possibility of inconsistent verdicts. We did not address the issue of derivative lia-

bility in *Hooper* but instead applied the general concept that there is a substantial right to have the liability of both defendants determined in the same trial to avoid the possibility of inconsistent verdicts. We now consider more carefully the issue of derivative liability and the possibility of inconsistent verdicts in this case, and we conclude that no substantial right is involved. *See generally Sportcycle*, 53 N.C. App. 354, 280 S.E.2d 799.

Because the issue of defendant AEF's liability is derivative of a finding of liability against Mr. Giles's estate, there is no possibility of inconsistent verdicts, and no substantial right is involved that would make an appeal of summary judgment appropriate at this time.

Appeal dismissed.

Judges WYNN and MARTIN, Mark D., concur.