FLOREK v. BORROR REALTY CO.

[129 N.C. App. 832 (1998)]

———————————

DAVID I. FLOREK AND WIFE, DARLENE M. FLOREK, PLAINTIFFS-PETITIONERS v. BORROR REALTY COMPANY (FORMERLY THE BORROR CORPORATION, D/B/A DOMINION HOMES), DAVID D. HUNDLEY AND WIFE, LAURINDA L. HUNDLEY, DEFENDANTS-RESPONDENTS

No. COA97-942

(Filed 16 June 1998)

### Appeal and Error § 122 (NCI4th)— negligent construction of house—claims dismissed as to builder but not as to seller— appeal interlocutory—dismissed

An appeal was dismissed as interlocutory where the action arose from the construction and sale of a house; the house was built by defendant Borror Realty Company and sold to defendant Hundleys; Hundley worked with Borror at the time of the sale, but was subsequently terminated; he thereafter sold the house to plaintiff Florek; Florek discovered later that the house was built on unsuitable soil and brought this action; Borror's motions for judgment on the pleadings and for summary judgment were

granted; all claims against the Hundleys were pending; and plaintiffs appealed the order dispensing with the claims against Borror. There is no possibility of inconsistent verdicts; the claims alleging fraud, negligent misrepresentation, and unfair and deceptive trade practices against Borror and defendant Hundleys are based upon a principal and agent relationship, but the undisputed facts establish that Hundley was not an employee or agent of Borror at the time of the sale to the Floreks.

Appeal by plaintiffs from orders entered 16 April 1997 and 2 May 1996 by Judge Robert L. Farmer and Judge Henry V. Barnette. Heard in the Court of Appeals 20 April 1998.

Plaintiffs filed their complaint 7 July 1995 in Wake County Superior Court. This lawsuit stems from the sale of a house by defendant Hundleys to the Floreks. The house in question was built by defendant Borror Realty Company ("Borror") and was sold to defendant Hundleys in the summer of 1988 at a price below market value, as part of Mr. Hundley's employment agreement with Borror. This agreement provided that Borror would provide a house at below market price to Mr. Hundley as a condition of his employment as Assistant Secretary of the Borror Corporation, doing business as Dominion Homes. The Hundleys resided in the house without incident until Mr. Hundley was terminated 14 October 1988 from his position with Borror due to lack of sales production. The Hundleys subsequently sold the house to plaintiff Floreks 30 March 1989 after contracting for sale in February.

As part of Mr. Florek's job with Glaxo Wellcome, plaintiffs resided in England for a period of time ending in the spring of 1995. Upon their return to North Carolina in April 1995, plaintiffs discovered cracks in the brick veneer of their house. After consulting with an engineer, plaintiffs learned that their house was built on unsuitable soils and therefore underpinning the walls, installing an underdrain, and recaulking would be necessary to remedy the situation.

In their complaint, plaintiffs allege claims against Borror for breach of implied warranties and negligent construction, including both ordinary negligence and wilful and wanton negligence. Additionally, plaintiffs allege fraud, negligent misrepresentation, and unfair and deceptive trade practices claims against both Borror and the Hundleys. As an alternative form of relief, plaintiffs seek rescission of the contract of sale against the defendant Hundleys.

Defendant Borror filed a motion for judgment on the pleadings "on the grounds that the undisputed facts entitle Defendant to such judgment as a matter of law" and:

> [m]ore particularly, the pleadings establish that Plaintiffs' claims are barred by the six-year statute of repose set forth in N.C. Gen. Stat. § 1-50(6)(e), and Plaintiffs' own Complaint fails to allege adequately the existence of any agency relationship between this Defendant and Defendant David D. Hundley at the time of any alleged misrepresentations on David D. Hundley's part.

Judge Barnette granted defendant Borror's motion as to all claims except the fraud claim on 2 May 1996. Defendant Borror subsequently filed a motion for summary judgment contending that there was no genuine issue of material fact on the fraud claim as to Borror. Judge Farmer entered judgment on defendant Borror's motion 16 April 1997. Plaintiffs appeal from these two orders dispensing with all claims against Borror. All claims asserted against defendant Hundleys are pending.

*Haywood, Denny & Miller, L.L.P., by Michael W. Patrick, for plaintiff petitioners.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Mark A. Ash and Christopher G. Smith, for defendant respondent Borror Realty Company.*

SMITH, Judge.

The threshold issue before us is whether plaintiffs' appeal is interlocutory and thus not properly before this Court. "It is well established that the entry of summary judgment for fewer than all defendants is not a final judgment and is not immediately appealable unless it affects a substantial right or is certified pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) (1990)." *Long v. Giles*, 123 N.C. App. 150, 152, 472 S.E.2d 374, 375 (1996). Our Supreme Court has held that a grant of summary judgment as to fewer than all of the defendants affects a substantial right when there is the possibility of inconsistent verdicts, stating that it is "the plaintiff's right to have one jury decide whether the conduct of one, some, all or none of the defendants caused his injuries. . . ." *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 409 (1982). Upon careful consideration of the issue of derivative liability, however, this Court recently held there is no possibility of inconsistent verdicts, when a principal whose liability is

**FLOREK v. BORROR REALTY CO.**

[129 N.C. App. 832 (1998)]

derivative is determined to be not liable by the trial court and the claims against the alleged agent remain. *Long*, 123 N.C. App. at 152-53, 472 S.E.2d at 375.

Examination of plaintiffs' claims summarily establishes the lack of any possibility of inconsistent verdicts on the claims leveled solely at defendant Borror or defendant Hundleys. We are unpersuaded by appellants' substantial right argument that the negligent construction and breach of implied warranties claims, which are only against Borror, present the possibility of an inconsistent verdict. Thus, the only remaining claims which could potentially affect appellants' substantial rights are those alleging fraud, negligent misrepresentation, and unfair and deceptive trade practices against Borror and defendant Hundleys. These claims, however, are based upon a principal and agent relationship. Thus, there is no possibility of inconsistent verdicts as any liability on the part of Borror hinges upon a finding of liability on the part of defendant Hundleys. *See Long*, 123 N.C. App. at 153, 472 S.E.2d at 374 (finding no possibility of inconsistent verdicts when the liability of a defendant found not liable by the trial court is derivative of a finding of liability against a defendant who remains a party to the pending lawsuit).

Although appellants attempt to establish Borror's liability as a principal on the common claims alleged against both Borror and the Hundleys, the undisputed facts before us establish that Mr. Hundley was not an employee or agent of Borror at the time defendant Hundleys sold the house to plaintiff Floreks. Appellants are correct in their recognition that their negligent construction and breach of implied warranties are alleged solely against Borror. Therefore, there is no possibility of an inconsistent verdict on these claims, or any other, and the appeal should be dismissed.

This Court has held that "it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal," and appellants in the instant case fail to establish that a substantial right will be lost absent immediate appellate review. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). Appellants' argument fails to establish any possibility of an inconsistent verdict. A well-established principle to which this Court adheres is:

It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court

that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Id.* at 380, 444 S.E.2d at 254.

In view of the foregoing, we dismiss this action in accordance with the procedural rules which are designed to "promote[] judicial economy by avoiding fragmentary, premature and unnecessary appeals and permit[] the trial court to fully and finally adjudicate all the claims among the parties before the case is presented to the appellate court." *Jarrell v. Coastal Emergency Services of the Carolinas*, 121 N.C. App. 198, 201, 464 S.E.2d 720, 722-23 (1995).

Appeal dismissed.

Judges Martin, Mark D., and McGee concur.