GAIL DRINNON ALALA, Plaintiff,
v.
HOLLY SAUNDERS HARDIE; MERRITT, FLEBOTTE, WILSON, WEBB & CARUSO, PLLC, f/k/a BROWNE, FLEBOTTE, WILSON & HORN, PLLC; PRE-PAID LEGAL SERVICES, INC.; MARK BROWNE; JOY WEBB; MARTIN J. HORN, and DANIEL R. FLEBOTTE, Defendants.
No. COA08-77
Court of Appeals of North Carolina
Filed January 6, 2009
This case not for publication
Homesley, Gaines & Dudley, by Edmund L. Gaines and Adrienne H. Gilman, for plaintiff appellant.
Of Counsel Bell, Davis & Pitt, P.A., by Stephen M. Russell, for defendant appellee.
McCULLOUGH, Judge.
Plaintiff Gail Drinnon Alala ("plaintiff") appeals the trial court's order dismissing her claims against defendant Merritt, Flebotte, Wilson, Webb & Caruso, PLLC, f/k/a Browne, Flebotte, Wilson & Horn, PLLC ("defendant"), a law firm, based upon negligent supervision and vicarious liability. In addition, defendant moves this Court to dismiss plaintiff's appeal, arguing that it is interlocutory. We agree and dismiss the appeal.

I. Background
Plaintiff filed this action on 7 November 2006, seeking recovery from defendant, along with codefendants Holly Saunders Hardie ("Hardie"), Pre-Paid Legal Services, Inc. ("PPLSI"), and members of defendant's firm: Mark Browne, Joy Webb, Martin J. Horn and Daniel R. Flebotte. At all times relevant to this suit, defendant was a law firm maintaining multiple offices in North Carolina. During this time, plaintiff was a dues paying member of PPLSI, a prepaid legal services company doing business in North Carolina.
In 2003, plaintiff contacted PPLSI and asked it to select an attorney to represent her in a bankruptcy proceeding and a lawsuit filed against her alleging alienation of affections, criminal conversation, and intentional infliction of emotional distress ("the heart balm suit"). On or about 12 June 2003, defendant selected Hardie, an attorney employed by defendant in its Charlotte office, to represent plaintiff in both matters.
In her complaint, plaintiff filed multiple claims against Hardie including negligence, gross negligence, fraud, constructive fraud, and breach of contract. Plaintiff asserted that Hardie had negligently advised her to file a Chapter 7 bankruptcy, without discussing the advantages of filing a Chapter 13 bankruptcy. Furthermore, plaintiff claimed that due to Hardie's negligence, a judgment was entered against her in the heart balm suit in the amount of $900,002.00, which was non-dischargeable in her bankruptcy. Plaintiff also filed multiple claims against defendant, PPLSI, and members of defendant's law firm.
In her complaint, plaintiff sought recovery from defendant under theories of negligent supervision and vicarious liability for Hardie's negligence and gross negligence. Defendant, Hardie, and PPLSI all filed Rule 12(b)(6) motions to dismiss. The trial court filed an order on 31 October 2007, denying Hardie and PPLSI's motions and allowing defendant's motion to dismiss. Plaintiff appeals the order dismissing her claims against defendant.

II. Motion to Dismiss as Interlocutory
The order from which plaintiff appeals is interlocutory as it was "made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy."N.C. Dept. of Transportation v. Page, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). Specifically, the order did not resolve plaintiff's claims against codefendants Hardie or PPLSI.
Generally, there is no right to appeal from an interlocutory order. Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). The reason for this rule is to prevent premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts. Fraser v. DiSanti, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, disc. review denied, 315 N.C. 183, 337 S.E.2d 856 (1985). There are two significant exceptions to this rule. First, an interlocutory order is immediately appealable when, pursuant to Rule 54 of the North Carolina Rules of Civil Procedure, "the trial court enters `a final judgment as to one or more but fewer than all of the claims or parties' and the trial court certifies in the judgment that there is no just reason to delay the appeal." Jeffreys, 115 N.C. App. at 379, 444 S.E.2d at 253 (quoting N.C. Gen. Stat. § 1A-1, Rule 54(b)) (2007). Second, an interlocutory order may be immediately appealed if the order deprives the appellant of a substantial right which would be lost if not reviewed prior to final judgment. Southern Uniform Rentals v. Iowa Nat'l Mutual Ins. Co., 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988); N.C. Gen. Stat. § 1-277 (2007). "[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal[.]" Jeffreys, 115 N.C. App. at 379, 444 S.E.2d at 253. If the appellant fails to carry the burden of making such a showing to the court, the appeal will be dismissed. Johnson v. Lucas, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, aff'd, 360 N.C. 53, 619 S.E.2d 502 (2005).
Defendant contends that plaintiff's ground for appellate review stated in her brief is defective. Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure requires an appellant to include in her brief a statement of the grounds for appellate review. N.C. R. App. P. 28(b)(4) (2007). If the appeal is interlocutory, it must be certified by the trial court for immediate appellate review or the statement must contain sufficient facts and argument to support appellate review on the grounds that the challenged judgment affects a substantial right. Id.; Jeffreys, 115 N.C. App. at 379, 444 S.E.2d at 253.
Plaintiff's brief lacks a sufficient statement of the ground for appellate review as required by Rule 28(b)(4). In her brief, plaintiff states that the ground for appellate review is "N.C.R. Civ. P. 54, as there has been a final judgment as to one or more but fewer than all of the claims or parties, and there is no just reason for delay." However, the trial court did not certify this case for immediate appeal as required by Rule 54(b) of the Rules of Civil Procedure.
In her response to defendant's motion to dismiss, plaintiff argues for the first time that because N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d) allow for appellate review of interlocutory orders which affect a substantial right, the trial court's order can be appealed because it affects her "substantial right to have her claims against both defendants determined in a single proceeding."[1] Nevertheless, plaintiff made no showing of any substantial right affected by the trial court's order in her appellate brief and therefore, has waived this ground for appeal.

III. Conclusion
For the above mentioned reasons, we grant defendant's motion to dismiss plaintiff's appeal as interlocutory.
Motion allowed; appeal dismissed.
Judges McGEE and STROUD concur.
Report per Rule 30(e).
Concurred prior to 31 December 2008.
NOTES
[1] Even assuming arguendo that plaintiff had argued in her appellate brief that she had a substantial right to have the order appealed, our Court has previously held that no substantial right exists to have the liability of both employer and employee determined in the same trial if respondeat superior is the only theory of liability against the employer. See Long v. Giles, 123 N.C. App. 150, 152-53, 472 S.E.2d 374, 375 (1996).