An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-498

Filed 15 April 2026

Wake County, No. 24CV001085-910

CYNTHIA W. GREEN, Plaintiff,

v.

JAIMEY ALEXANDRA HOWARD and
ALIGN TECHNOLOGY, INC., Defendants.

Appeal by Plaintiff from orders entered 1 April 2024 and 16 October 2024 by Judge Vinston M. Rozier, Jr. in Wake County Superior Court. Heard in the Court of Appeals 15 January 2026.

*Hatch, Little & Bunn, LLP, by Justin R. Apple, for Plaintiff–Appellant.*

*Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC, by Kara V. Bordman & Kenneth B. Rotenstreich, for Defendant–Appellee Jaimey A. Howard.*

*McAngus, Goudelock & Courie, PLLC, by Jeffrey B. Kuykendal, for Defendant–Appellee Align Technology, Inc.*

MURRY, Judge.

Cynthia W. Green (Plaintiff) appeals from an order granting Align Technology,

Inc.'s (Defendant[1]) motion to dismiss without prejudice her complaint alleging obstruction of justice, common-law negligence, negligent supervision, and negligent training by Defendant. She also challenges an order granting Howard and Defendant's motion to strike certain paragraphs from her original complaint. For the reasons below, this Court dismisses as interlocutory Plaintiff's appeal of the trial court's orders.

## I.  Background

On 26 January 2021, Jaimey A. Howard commuted home from her regular employment with Defendant in the northbound lane of Sherron Road in Durham, N.C. At approximately 5:25 PM, Howard's car drifted leftward across the center lane to eventually hit Plaintiff, who was on the sidewalk as a pedestrian at the time. Plaintiff suffered severe injuries that required extensive hospitalization and ongoing physical therapy. As a result, she sued Howard in her personal capacity for common-law negligence, negligence per se, and obstruction of justice. She also sued Defendant directly for common-law negligence and obstruction of justice; she sued Defendant as vicariously liable for Howard's conduct, which included imputed liability for negligent training and supervision.

---

[1]  As indicated by the title caption, Cynthia W. Green initially brought this suit against both Jaimey A. Howard and Align Technology in their respective individual and employment capacities. Because the trial court granted Align's motion to dismiss but denied Howard's own motion, we refer to Align Technology, Inc. as the sole defendant throughout this opinion unless otherwise noted.

Excepting the obstruction claim, Plaintiff based her latter claims against Defendant solely on whether Howard negligently "perform[ed] the duties of [her] employment" by texting and emailing on her work-supported iPhone as of the crash. The obstruction claims, by contrast, focused on whether Howard intentionally hindered the discovery process by deleting material electronically stored information (ESI), and whether Defendant violated its contractual duty to preserve that ESI contrary to its Employee Proprietary Information Agreement (EPIA) with Howard. As part of discovery, Howard and Defendant provided Plaintiff on 29 June 2021 with a mobile data log of Howard's cell-phone usage the date of the crash. More specifically, Plaintiff alleged that Howard intentionally erased this ESI when she upgraded her iPhone model on 8 December 2021.

On 11 January 2024, Plaintiff filed an initial complaint alleging these eight claims against both Howard and Defendant. Both initial defendants filed identical motions to strike the vast majority of the initial complaint (collectively, "motion to strike"), while Defendant appended a motion to dismiss in the alternative. On 1 April 2024, the trial court granted the motion to strike in part any references to prior unrelated litigation between the parties and Howard's personal information with the N.C. State Bar. The trial court also admonished Plaintiff to provide a more succinct amended complaint, which Plaintiff filed on 30 April 2024. The amended complaint materially reiterated those initial three claims against Howard and five claims against Defendant.

In response to the amended complaint, Howard and Defendant filed respective motions to dismiss on 25 and 27 June 2024 under N.C. Civil Procedure Rule 12(b)(6). On 16 October 2024, the trial court respectively denied and granted Howard and Defendant's motions. Plaintiff timely appealed both orders and the 1 April 2024 motion-to-strike orders to this Court on 8 November 2024.

## II. Jurisdictional Analysis

Plaintiff seeks to appeal the trial court's orders granting the motion to strike and granting Defendant's motion to dismiss its own derivative-negligence and obstruction claims. Before we can reach the merits of this appeal, though, we must determine whether it is interlocutory or "final judgment[s] of a superior court." N.C.G.S. § 7A-27(b)(1) (2025). If the latter, we have the jurisdiction to directly address the appeal. But if the former, we may only do so if the trial court can find "no just reason for delay" to this Court, N.C. R. Civ. P. 54(b), or the "judicial order . . . affects a substantial right claimed" by an appellant, N.C.G.S. § 1-277(a).

Because neither of the trial court's orders risk "the possibility of two trials . . . on 'the same issues'" here, we hold that the orders do not "interfere with any substantial rights" of Plaintiff and thus deprive us of the jurisdiction to hear her appeals of her negligence claims, obstruction claims, and stricken complaint

portions.[2] *Leiber v. Arboretum Joint Venture, LLC*, 208 N.C. App. 336, 343 (2010) (brackets omitted) (quoting *Green v. Duke Power Co.*, 305 N.C. 603, 608 (1982)); *see First Union Nat. Bank v. Olive*, 43 N.C. App. 574, 576 (1979) (holding motion to strike alone as "interlocutory in nature"). We clarify and apply this "inconsistent-verdicts doctrine" to Plaintiff's claims in further detail below.

## A. Clarification

Although a mere "preference" to hear "all related claims . . . during the course of a single proceeding does not rise to the level of a substantial right," *Hamilton v. Mortg. Info. Servs.*, 212 N.C. App. 73, 79 (2011), the risk of multiple trials on "*the same issues*" does, *Green*, 305 N.C. at 608. We assess this risk through a "two-part test" that requires the appellant "to show that (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 735–36 (1995). Our courts

---

[2] Although Plaintiff brings discrete obstruction claims against each Defendant that do not rely on imputed negligence, she does not explain "how separate consideration of [those] claims may result in . . . inconsistent verdicts" were she to separately litigate them at trial. *Hamilton v. Mortg. Info. Servs.*, 212 N.C. App. 73, 84 n.7 (2011). In her complaint, Plaintiff claims that Defendant Align "willfully obstructed the administration of justice by refusing to preserve the iPhone and electronically stored information [there]on," thus "knowingly disregarding its known legal duties . . . to preserve the [s]poliated ESI." She bases this "legal obligation" in relevant part on the Employee Proprietary Information Agreement that "Howard executed as a condition of [her] employment." But in the same breath, Plaintiff alleges that Defendant Howard obstructed justice by "knowingly subverting . . . [Plaintiff's] access to" that ESI through the discovery process. Because these distinct facts do not "overlap in such a way as to . . . risk . . . separate litigation of" Defendants' respective obstructions at trial, we do not see how Plaintiff's "preference for having [these] related claims determined . . . [in] a single proceeding . . . rise[s] to the level of a substantial right." *Id.* at 79 (citing *Green v. Duke Power Co.*, 305 N.C. 603 (1982)).

have long held that certain scenarios raise no possibility per se of this otherwise appealable inconsistency. *See, e.g.*, *Green*, 305 N.C. at 606 (unrelated duties of care); *Long v. Giles*, 123 N.C. App. 150, 153 (1996) (solely derivative liability); *Hamilton*, 212 N.C. App. at 81 (distinguishable standards of proof). And North Carolina common law has long recognized that "judgment against the servant conclusive[ly] bars a later action by the same plaintiff against the principal [when] held, if at all, under the doctrine of *respondeat superior*." *Pinnix v. Griffin*, 221 N.C. 348, 350 (1942) (ellipses omitted).

But our intra-state jurisprudence on the question of whether derivative liability risks an inconsistent verdict has taken seemingly contradictory paths over the years. *Contrast, e.g.*, *Long*, 123 N.C. App. at 152 (concluding no substantial right affected because "primary claim against . . . [employee] must first be determined before any claim against [employer] is possible"), *and Cameron Hosp., Inc. v. Cline Design Assocs.*, 223 N.C. App. 223, 226 (2012) (concluding no substantial right affected because "where the agent has no liability, there is nothing from which to derive the principal's liability"), *with Town Ctr. Assocs. v. Y & C Corp.*, 127 N.C. App. 381 (1997) (concluding no substantial right affected because dismissed agent's "liability, if any to [principal] . . . depend[s] upon [it]s liability as principal"), *and Estate of Redding ex rel. Redding v. Wellborn (In re Estate of Redding)*, 170 N.C. App. 324, 329 (2005) (concluding substantial right affected because plaintiffs alleged that would-be dismissed employer "is vicariously liable for . . . [employees'] actions"). The

inconsistent-verdicts doctrine is indeed "often misunderstood." *Shearon Farms Townhome Owners Ass'n II v. Shearon Farms Dev., LLC*, 272 N.C. App. 643, 647 (2020).

Although summary judgment for an agent ordinarily "precludes any action against [a] principal wh[ose] . . . liability is purely derivative" of the agent, *Draughon v. Harnett Cnty. Bd. of Educ.*, 166 N.C. App. 464, 469–70 (2004), the agent's own "liability . . . may be entirely independent of h[er] principal's liability" in certain circumstances, *Cameron Hosp.*, 223 N.C. App. at 226 n.2. As an intermediate court, we must follow "the older of two cases" that addresses the same issue—here, *Long v. Giles*—when confronted with "two conflicting lines of cases to resolve." *In re R.T.W.*, 359 N.C. 539, 542 n.3 (2005), *superseded by statute on other grounds*, Act of Aug. 23, 2005, S.L. 2005-398, 2005 N.C. Sess. Laws 1455, *as recognized in In re A.SM.R.*, 375 N.C. 539 (2020); *accord* Bryan A. Garner et al., *The Law of Judicial Precedent* 303 (1st prtg. 2016) ("With an intermediate appellate court, an earlier horizontal precedent nearly always controls."). To that end, we now clarify the inconsistent-verdicts doctrine by disclaiming at least one implication of *Redding* and *Town Center*: Dismissal of one defendant whose alleged negligence is *solely* derivative of another "does not, *without more*, necessitate a conclusion that inconsistent verdicts may occur

unless all of the affected claims are considered in a single proceeding."[3] *Hamilton*, 212 N.C. App. at 80 (emphasis added); *accord* 30 C.J.S. *Employer–Employee* § 205, Westlaw (database updated Mar. 2026).

## B. Application

In light of this clarification, Plaintiff's negligence-related appeal hinges on the sort of purely derivative liability that this Court reaffirmed as interlocutory in *Florek v. Borror Realty Co.*, 129 N.C. App. 832 (1998). In *Florek*, the plaintiff homeowners purchased a house from a defendant seller, whose negligent construction they imputed to his defendant employer through an agent–principal relationship. *Florek*, 129 N.C. App. at 833. More specifically, the plaintiffs alleged that the defendant employer negligently misrepresented the suitability of their purchased house through its agent–employee. *Id.* They based this claim on the original housing agreement whereby the employer "would provide a house at below-market price to the employee as a condition of his employment." *Id.* (brackets omitted). The *Florek* Court held that the trial court's interlocutory dismissal of the negligent-misrepresentation claim raised "no possibility of inconsistent verdicts as any liability on the part of [defendant

---

[3] Although arguably similar in its conception of imputed liability, this clarification does not necessarily address the discrete fact patterns of the seldom-considered "family-purpose doctrine." *Taylor v. Brinkman*, 108 N.C. App. 767, 768 (1993) (brackets omitted) (concluding substantial right affected because daughter's negligent driving "is a fundamental issue in both plaintiff's claim against defendant daughter and her imputed-negligence claim against defendant father" (brackets omitted)). Thus, we leave that distinct doctrinal scenario for a more apposite case.

employer] hinges upon a finding of liability on the part of defendant [employee]." *Id.* at 835.

So too here. In her amended complaint and here on appeal, Plaintiff alleges that Defendant is "vicariously liable" for Howard negligently "performing the duties of [her] employment" as of the crash. Her direct claim of common-law negligence speaks in identical terms of Howard "performing the duties of [her] employment under Defendant." As a result, all four of her Defendant-specific negligence claims either impliedly or expressly rely on whether Howard "act[ed] in the scope of h[er] employment with Defendant . . . *at the time of the accident.*" *McKenzie v. Charlton*, 262 N.C. App. 410, 420 (2018). Even if Plaintiff could show that Howard commuted home that day within the scope of her employment (a high bar to meet), doing so still requires demonstrably derivative liability. *See Williams v. Levinson*, 155 N.C. App. 332, 338 (2002), *aff'd per curiam*, 357 N.C. 243 (2003) ("Normally, driving to and from an employee's place of employment is not within the scope of employment."). That showing is legally and factually downstream of Howard's personal conduct in any case. Thus, we dismiss as interlocutory Plaintiff's appeal of both orders granting the motion to strike and dismissing her claims against Defendant.

### III.    Conclusion

For the reasons above, this Court dismisses as interlocutory Plaintiff's appeal of the trial court's orders granting (1) both Defendants' motion to strike certain

paragraphs of the original complaint and (2) Defendant Align's motion to dismiss without prejudice.

DISMISSED.

Chief Judge DILLON and Judge HAMPSON concur.

Report per Rule 30(e).